A. Boehm et Ux. v. Henry Beutler.

Delivered May 26, 1897.

1. **Community Property—Deed of Trust—Joinder of Wife.**
The joinder of the wife in a deed of trust to community property is not necessary.

2. **Same—Same—Consideration—Innocent Purchase.**
A previous indebtedness is sufficient consideration for a mortgage on community property executed by the husband alone, although the mortgagee is not an innocent purchaser if there was no other consideration than the antecedent debt.

3. **Homestead—Abandonment—Proof.**
The rule that the abandonment of a homestead once acquired must be shown by clear and unmistakable proof, and that when a doubt exists in respect to such issue it must be resolved against the theory of abandonment, does not apply where another place answering the purposes of a home has been obtained and settled upon and used with all the externals of a home, and the decisive question is whether the intention to abandon existed.

4. **Same—Same—Fact Case.**
That one on leaving a homestead in a city on which a butcher's shop is located, and staying away two years in the country, during which time the homestead dwelling is rented or offered for rent, leaves some household furniture in the butcher's shop, and uses the same during casual visits to town, does not prevent the abandonment of the homestead.

Appeal from Harris.  Tried below before Hon. S. H. Brashear.

H. F. Fisher, for appellants.—To constitute abandonment, the homestead "must be applied to uses 'clearly' showing an intention no longer to use it for the purposes of a home."  Newton v. Calhoun, 68 Texas, 455; Shepherd v. Cassiday, 20 Texas, 25; Mills v. Von Boskirk, 32 Texas, 361; Aultman v. Allen, 33 S. W. Rep., 679.

W. P. Hamblen, for appellee.

JAMES, Chief Justice.—Suit by appellee to recover on notes of appellants and to foreclose a deed of trust lien on property in the city of Houston.  As will be shown hereafter, the real question in the case is whether or not the property had been abandoned as a homestead.  Our conclusions of fact are that the property in question had been occupied as a homestead, that it was community property of the appellants, and that they purchased and settled on the farm in the country with the intention of making it their home.  The last of these conclusions is found in deference to what the district judge must necessarily have concluded from the evidence in rendering judgment foreclosing the lien.

Opinion.—The first assignment has no merit.  The property being community, the joining of the wife in the deed of trust was not necessary to give the lien, if in law a lien could be created thereon.

The third is equally without force.  An indebtedness previously created and existing at the time of giving a mortgage to secure it is of itself sufficient consideration for the mortgage, while the mortgagee would

not be held an innocent purchaser where there was no other consideration than the antecedent debt. Jones on Mort., 5 ed., secs. 460, 610.

The remaining issue here is whether or not the facts were such as to enforce the conclusion that there had been no abandonment of the homestead in Houston at the time the deed of trust was executed. The evidence shows not only clearly, but perhaps conclusively, that when the deed of trust was given appellants had bought the country place, and had settled upon it, and were occupying it with the family in the manner that such places are ordinarily occupied and used as a home. It only remained that they should, prior to the date of the deed of trust, have formed the intention of making it their permanent home, in order to cut off all claim they had on the city place as their homestead. There is therefore no question before us, as we understand the record, but this fact of intention.

Appellants testified that they moved to the country as a temporary expedient, the wife not enjoying good health in the city; and the physician having enjoined a change of atmosphere for her benefit, the place in the country was purchased, and they moved to it for the purposes of her health, intending then and always afterwards to return to the city place when she was restored. A neighbor of theirs in the city testified that they made declarations to this effect when they were leaving, which testimony may of course have been discredited by the judge. Upon the lot in Houston they had their dwelling and also a butcher shop, in which the husband conducted his business while they lived there. Some household articles which they did not take with them to the country were kept in the shop, and during their stay of about two years in the country they sometimes visited the city, and on these occasions stayed in the shop, the dwelling being rented or offered for rent. After about two years residence in the country they moved back to the city, and resumed their residence upon the lot in question. On the other hand, witness Erhart testified that Boehm, while he was arranging to buy the farm, told him he was purchasing it for a home; and another witness testified that, when Boehm moved out there, Mrs. Boehm stated that she was going to make this her future home, that her health was bad, and they intended to reside in the country.

Appellants contend that it is the rule established by the cases in this State that the abandonment of a homestead once acquired by residence must be shown by clear, evident, and unmistakable proof, and that, when a doubt exists in respect to this issue, it must be resolved against the theory of abandonment. We do not believe that such rule was ever intended to apply to a case where another place answering the purposes of a home has been obtained and settled upon, and used with all the externals of a home, and where the decisive question resolved itself into the fact of intention. In such cases, if the parties should testify that they never intended to abandon, or raised an issue by denying statements made by them indicating their intention to abandon, the proof of abandonment could never be said to be clear, decisive, or unmistakable. It is

apparent, therefore, that appellants' proposition means that, in all such cases, where the interested parties by their testimony thus raise an issue of fact as to their intention, it is no longer a question for the jury, but the court should instruct them to find against the abandonment. By this rule the question of abandonment, in cases like the present one, would seldom, perhaps never, find its way to the jury. Such is not the law.

The intention of parties is more or less intangible, and must of necessity be arrived at by their acts and declarations and circumstances. Declarations are perhaps more significant in determining intention; being more clearly allied thereto, than other species of testimony. When the husband and wife, in acquiring another residing place, upon which they move to live, make conflicting declarations as to what their intention in that connection is, it seems to us that this fact is not different in its mode of determination from any other issue. Certainly the court could not solve it as a matter of law, and when submitted to a jury their decision of the fact should be final. So when the judge passes upon the facts, as in this case, his decision should not be disturbed.

It is suggested by appellant that the declarations made to the witnesses above mentioned are not of necessity incompatible with the intention to make the country place their home only temporarily, as they testified. The declarations referred to may well be understood to have meant that they intended to permanently make their home there. At any rate, admitting of that construction, the proper meaning and significance of these declarations was a question of fact for a jury or the court, sitting as such.

It is probable that, if we were passing upon the facts of this case on depositions of witnesses, we would have reached a different result, but the judge had the witnesses before him, and was authorized to determine the question as it appeared to him, and our right to revise his conclusions is a different proposition.

We do not think that leaving some household furniture in the butcher shop, and its use during casual visits to town, necessarily controls the question of abandonment.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.