**HOLLAND v. NIMITZ et al. (No. 3452.)**

(Supreme Court of Texas. March 15, 1922.)

**1. Appeal and error ⬅1082(1)—Jurisdiction of Supreme Court on writ of error for conflicting decisions or construction of statute extends to all law questions presented.**

Where the Supreme Court has jurisdiction by writ of error granted because of a conflict with other decisions of the Courts of Civil Appeals and the Supreme Court, or because a statutory construction is involved, such jurisdiction extends to all the properly presented questions of law, in view of constitutional amendments of September 22, 1891, the act of April 13, 1892 (10 Gammel's Laws, pp. 384–386), Batts' Civ. St. arts. 941, 943, 972, Acts 1913, c. 55 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1521, 1522, 1543, 1544), and Acts 35th Leg. (1917) c. 75 (Vernon's Ann. Civ. St. Supp. 1918, art. 1521).

**2. Wills ⬅53(1), 164(1)—Evidence held not material as to issue of testamentary capacity or undue influence.**

Testimony as to neglect of testatrix, and that preparations were wanting for her care, *held* not material on either the issue of testamentary capacity or of undue influence.

**3. Appeal and error ⬅1082(1)—Prevailing party in Court of Civil Appeals is entitled to have his assignments reviewed where necessary.**

The party prevailing in the Court of Civil Appeals is entitled to have his assignments which were properly presented in that court considered by the Supreme Court in so far as necessary to determine what judgment should have been rendered by the Court of Civil Appeals.

**4. Appeal and error ⬅1082(2)—Fundamental error is available to prevailing party in Court of Civil Appeals where not presented in his petition.**

While the rule is established that the Supreme Court will refuse to consider error urged by plaintiff in error as fundamental if not presented in his petition for writ of error filed within the statutory time, yet fundamental error, never assigned, is available in the Supreme Court to the prevailing party in the Court of Civil Appeals.

**5. Witnesses ⬅159(2)—Negative testimony of witness charged with undue influence held inadmissible.**

Negative testimony which denies that plaintiff, witness, charged with undue influence, conversed with testatrix with reference to making a will, is as inadmissible under the statutes as is positive testimony.

Error to Court of Civil Appeals of Third Supreme Judicial District.

On rehearing. Motion granted, and judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the cause for new trial affirmed, the trial court to be governed by this opinion.

For main opinion, see 232 S. W. 298, which affirmed 217 S. W. 244.

Critz & Woodward, of Coleman, and Blanks, Collins & Jackson, of San Angelo, for plaintiff in error.

Wright & Harris, of San Angelo, for defendants in error.

GREENWOOD, J. Robert S. Holland filed in the county court of Tom Green county an application to probate an instrument as the will of his deceased mother, Mrs. Susan E. Holland. Mrs. Nimitz and others, daughters of Mrs. Holland, joined by their husbands, contested the probate of the instrument, on the grounds, first, that Mrs. Holland was without testamentary capacity, and, second, that she was under undue influence from Robert S. Holland. Trials in the county court and in the district court, to which an appeal was taken, resulted in the probate of the instrument presented by Robert S. Holland.

On an appeal from the judgment of the district court by the contestants, Mrs. Nimitz and others, the Austin Court of Civil Appeals held that it was reversible error for the district court to refuse to permit Mrs. Nimitz to testify that, independently of any statements made by Mrs. Holland, or of any transaction with her, she was of the opinion that Mrs. Holland was insane when the instrument offered for probate was signed, such opinion being based entirely on observation of Mrs. Holland's acts, conduct, and condition, over the objection that such testimony was inhibited by article 3690 of the Revised Statutes of 1911. The Austin Court of Civil Appeals also held that there was error in the action of the district court in excluding testimony by Mrs. Nimitz that, when her mother was brought to her son's home during her last illness, no preparations had been there made to take care of her, and that the wife of Robert S. Holland neglected her, and was unkind to her. For these errors the Austin Court of Civil Appeals reversed the district court's judgment, and remanded the cause for another trial. 217 S. W. 244.

A writ of error having been granted, the cause was referred to the Commission of Appeals, who recommended that, while there was error in the decision that article 3690 did not preclude the admission of the testimony of Mrs. Nimitz with reference to her mother's sanity, based on observation of her acts, conduct, and condition, yet the judgment of the Court of Civil Appeals should be affirmed, without inquiry into the correctness of the decision that the district court erred in refusing to admit the testimony of Mrs. Nimitz that no preparations were made to care for Mrs. Holland when brought to her son's home during her last illness, and that she was neglected and treated unkindly by

her son's wife. The conclusion of the Commission of Appeals reflected the view that the assignment complaining of the rejection of this latter testimony, save in so far as it involved the construction of article 3690, was not within the appellate jurisdiction of the Supreme Court. The judgment recommended in the Commission's opinion was adopted, and was entered as the judgment of the Supreme Court.

[1] Plaintiff in error, Robert S. Holland, has filed a motion for rehearing, upon the ground that the Supreme Court erred in refusing to consider his assignment of error complaining of the decision of the Court of Civil Appeals that the district court erred in refusing to admit the testimony of Mrs. Nimitz that when Mrs. Holland was brought to her son's house no preparations had been made to take care of her, and that her daughter-in-law was unkind to her and neglected her. It is the contention of plaintiff in error that, where the Supreme Court has jurisdiction of a case like this, wherein the writ of error was granted because of a conflict with other decisions of Courts of Civil Appeals and of the Supreme Court, or because the construction of a statute is involved, then such jurisdiction extends to all the properly presented questions of law in the case. A careful examination of the various constitutional and statutory provisions relative to the Supreme Court's appellate jurisdiction, to be exercised through grant of writs of error, leads us to conclude that the contention of plaintiff in error is sound.

Under the amendment to the Constitution, declared adopted on September 22, 1891, the appellate jurisdiction of the Supreme Court, which is coextensive with the limits of the state, extends to questions of law only, under such restrictions and regulations as the Legislature may prescribe, in cases of which the Courts of Civil Appeals have appellate jurisdiction.

The act of April 13, 1892, made the appellate jurisdiction of the Supreme Court extend to questions of law in all civil cases of which the Courts of Civil Appeals had appellate but not final jurisdiction, provided, however, such jurisdiction was to be exercised by the grant of writs of error only after final judgments had been rendered in the Courts of Civil Appeals, and not after judgments reversing and remanding causes, except in the following cases: (1) Cases to which the railroad commissioners were parties; (2) cases involving the construction 'and application of the Constitution of the United States or of the state or of an act of Congress; (3) cases involving the validity of a state statute; (4) cases involving title to a state office; (5) cases in which a Court of Civil Appeals overruled its own decisions or those of another Court of Civil Appeals or of the Supreme Court; (6) cases in which the judges of any Court of Civil Appeals might disagree; (7) cases in which any two of the Courts of Civil Appeals might hold different-. ly on the same question of law; and, (8) cases in which the judgment of the Court of Civil Appeals practically settled the case. Writ of error was to be granted by the Supreme Court when it appeared from an inspection of the petition therefor, and of the record, that there was error in the judgment of the Court of Civil Appeals, and in each case the Supreme Court was empowered to affirm or reverse and render, or reverse and remand if the justice of the case demanded another trial. 10 Gammel's Laws of Texas, 384, 385, 386; Batts' Ann. Tex. Civil Statutes, arts. 941, 943, 972.

The question soon arose, under the Act of April 13, 1892, as to whether the Supreme Court was limited to the determination of the question or questions on which its jurisdiction depended in cases reversed and remanded in the Courts of Civil Appeals. It was settled by the decision in City of Austin v. Nalle, 85 Tex. 538, 539, 22 S. W. 668, 960, that the legislative intent was evident that, whenever a case was brought before the Supreme Court on writ of error, all questions properly raised and presented should be decided, in order that the judgment be entered in the Supreme Court which should have been entered in the Court of Civil Appeals.

The appellate jurisdiction of the Supreme Court was also held to extend to all questions of law in a case involving the validity of a statute originating in the county court. In announcing that decision, the Supreme Court, per Justice Williams, said:

"It is the case, not merely the question as to the statute, over which the jurisdiction is extended by the language. The existence of the question is the reason why the jurisdiction is given, but it is the case that is brought within it. It follows that, having decided the question of the validity of the statute, we must proceed to dispose of the case by the proper judgment and, in order to do that, must decide the questions of law on which the character of the judgment must depend." T. & P. Ry. v. Webb, 102 Tex. 215, 114 S. W. 1173.

The act of March 28, 1913, amended the articles defining and regulating the appellate jurisdiction of the Supreme Court, so as to read as follows:

"Art. 1521. The Supreme Court shall have appellate jurisdiction coextensive with the limits of the state, which shall extend to questions of law arising in civil causes in the Courts of Civil Appeals in the following cases when same have been brought to the Courts of Civil Appeals by writ of error, or appeal, from final judgments of the trial courts:

"(1) Those in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision.

"(2) Those in which one of the Courts of Civil Appeals holds differently from a prior de-

cision of its own, or of another Court of Civil Appeals, or of the Supreme Court upon any such question of law.

"(3) Those involving the validity of statutes.

"(4) Those involving the revenue laws of the State.

"(5) Those in which the Railroad Commission is a party.

"(6) Those in which, by proper application for writ of error, it is made to appear that the Court of Civil Appeals has, in the opinion of the Supreme Court, erroneously declared the substantive law of the case, in which case the Supreme Court shall take jurisdiction for the purpose of correcting such error.

"Art. 1522. All causes mentioned in article 1521 may be carried to the Supreme Court either by writ of error or by certificate from the Court of Civil Appeals as elsewhere provided, except those mentioned in subdivision 6, which must be presented by application for writ of error. * * *

"Art. 1543. If upon inspection of the petition for writ of error and the record of the cause, it shall appear that a Court of Civil Appeals has failed to file conclusions of fact, or has not complied with the requirements of the law in filing such conclusions, and that such conclusions are necessary to enable the Supreme Court properly to determine the rights of the parties, the courts may suspend action on the petition for writ of error and return the record to the Court of Civil Appeals, with instructions to make and return conclusions of fact upon the points indicated by the Supreme Court.

"Art. 1544. If, upon examination of the petition for writ of error, the Supreme Court shall find the case to be one of which it may take jurisdiction, and that there is such a difference of opinion among the judges of the court from which the cause shall come, or such a difference between the decision brought in question and a decision of another court, as is specified in article 1521, or that the question involving the validity of a statute was erroneously decided, or that, in a case involving the revenue laws of a state, or to which the Railroad Commission is a party, any question of law material to its correct decision was erroneously decided, or that such an error is shown as is contemplated by subdivision 6 of article 1521, the court shall grant the writ for the purpose of deciding the question as to which the difference exists, or of correcting the erroneous decision and rendering the judgment in which a correct decision thereof shall result."

16 Gammel's Laws of Texas, 107; articles 1521, 1522, 1543, 1544, Vernon's Sayles' Texas Civil Statutes 1914.

Article 1544 of the 1913 act was to take the place of article 1011c of the act of April 13, 1892, which simply authorized the court "to grant a writ of error" when an inspection of the application therefor disclosed error in the judgment of the Court of Civil Appeals. It therefore withdrew the power to generally grant the writ, and substituted therefor the power to grant the writ for the purpose alone of deciding the question or questions on which the court's jurisdiction rested, and of "rendering the judgment in which a correct decision thereof shall result."

The act of 1913 was construed to deprive the Supreme Court of authority to correct errors, though of law, if such errors could not have been the basis for the grant of the writ of error, under some subdivision of article 1521. Browder v. Memphis Ind. School District, 107 Tex. 536–538, 180 S. W. 1077; Texas City Transp. Co. v. Winters (Tex. Com. App.) 224 S. W. 1087.

In this case, the writ of error was granted under section 1 of the act of March 15, 1917, which provides:

"The Supreme Court shall have appellate jurisdiction coextensive with the limits of the state, which shall extend to all questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction in the following cases when same have been brought to the Courts of Civil Appeals by writ of error or appeal from final judgment of trial courts:

"1. Those in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision.

"2. Those in which one of the Courts of Civil Appeals holds differently from a prior decision of its own or of another Court of Civil Appeals, or of the Supreme Court upon any such question of law.

"3. Those involving the construction or the validity of statutes.

"4. Those involving the revenue laws of the state.

"5. Those in which the Railroad Commission is a party.

"6. In any other case in which it is made to appear that an error of law has been committed by the Court of Civil Appeals of such importance to the jurisprudence of the State, as in the opinion of the Supreme Court requires correction, but excluding those cases in which the jurisdiction of the Court of Civil Appeals is made final by statute. Upon the showing of such an error the Supreme Court may, in its discretion, grant a writ of error for the purpose of revising the decision upon such question alone, and of conforming its judgment to the decision thereof made by it. Until otherwise provided by rule of the Supreme Court the application for writ of error in such a case shall immediately after the title of the cause and the address to the court, concisely state the question decided by the Court of Civil Appeals in which error is asserted, in order that the Supreme Court may at once see that such a question is presented as is contemplated by this provision. This shall be followed by only such brief and general statement as may be necessary to show that the question was involved in the cause and in the decision of the Court of Civil Appeals. More than one question may be presented in the same application, all being stated in order as above stated."

Chapter 75, General Laws 35th Leg.; article 1521, Vernon's Sayles' Texas Statutes, 1918 Supplement.

Section 1 of the 1917 act amended that portion of the 1913 act which was embodied in article 1544, so as to make same read:

"If, upon examination of the petition for writ of error the. Supreme Court shall find the case to be one of which it may take jurisdiction, the court shall grant or refuse the writ of error or answer the questions certified by the Court of Civil Appeals, as the case may be."

Apter language could not well be found than that used in article 1521 of the 1917 act to give the Supreme Court appellate jurisdiction of all questions of law in the cases enumerated in subdivisions 1 to 5 of the article, wherein the Courts of Civil Appeals have appellate but not final jurisdiction. The intent for the court to have and exercise jurisdiction over all questions of law in the enumerated cases is further plainly disclosed by the repeal of so much of the 1913 act as required the grant of the writ of error for a specific restricted purpose, and by substituting therefor the general direction for the grant of the writ of error.

Even when jurisdiction depends entirely on the case coming within the terms of subdivision 6 by the showing of an error of law committed by the Court of Civil Appeals of such importance to the jurisprudence as should require correction in the opinion of the Supreme Court, there is a noticeable difference in the terms of subdivision 6 of the 1917 act from the terms of subdivision 6 of the 1913 Act. In the case where the erroneous declaration of substantive law was made, subdivision 6 of the 1913 act provided that the Supreme Court "shall" take jurisdiction "for the purpose of correcting such error." In the case where it is made to appear that "an error of law has been committed by the Court of Civil Appeals of such importance to the jurisprudence of the state as in the opinion of the Supreme Court requires correction," subdivision 6 of the 1917 act first declares that all the questions of law arising therein in the Court of Civil Appeals shall be within the appellate jurisdiction of the Supreme Court. Subdivision 6 of the 1917 act further provides that, upon the showing of such an error as is therein defined, the Supreme Court "may, in its discretion, grant a writ of error for the purpose of revising the decision upon such question alone, and of conforming its judgment to the decision thereof made by it."

Carefully weighing all the terms of the 1917 act, we have no doubt that, in a case coming within its appellate jurisdiction under subdivisions 1 to 5 of article 1521, the Supreme Court is not only clothed with the power, but is charged with the duty, to determine all properly presented questions of law requisite to a correct decision of the case.

And as we interpret subdivision 6 of the 1917 act, the Supreme Court has the discretion thereunder either to grant the writ of error, as in cases within prior subdivisions, or to grant the writ for the single purpose of revising the decision of the Court of Civil Appeals on the question of importance to the jurisprudence, which requires correction, and, in the latter event, of conforming its judgment to its decision of such question of importance. The court's appellate jurisdiction extends to all the properly presented questions of law in cases where the writ is allowed under subdivision 6 of the 1917 act unless the order granting the writ provides otherwise.

Nothing contained in this opinion should be considered as intended to modify the definition of errors of such importance to the jurisprudence of the state as should require correction by the Supreme Court, as heretofore so well announced in the cases of Decker v. Kirlicks, 110 Tex. 95, 96, 216 S. W. 385, and Hartt v. Yturia Cattle Co. (Tex. Com. App.) 228 S. W. 551.

The precise question here determined has not before been argued or squarely presented for decision, and our practice appears not to have been wholly consistent. Decker v. Kirlicks, 110 Tex. 90, 216 S. W. 385; Southern Pacific Co. v. Walters, 110 Tex. 497, 221 S. W. 264. In the last-cited case, the court, having acquired jurisdiction because of a conflict in the decisions, proceeded to determine the question of law as to whether there was any evidence to warrant a finding of negligence, though that question, standing alone, would not have brought the case within the terms of any of the subdivisions of article 1521 in the 1917 act. That action was in accord with the conclusions announced in this opinion.

[2] Coming to the consideration of plaintiff in error's assignment that there was no error warranting a reversal of the trial court's judgment in the refusal of that court to permit Mrs. Nimitz to testify that plaintiff in error's wife was unkind to and neglected Mrs. Susan E. Holland, and that preparations were wanting to take care of her in plaintiff in error's home, we conclude that the testimony was not material on either the issue of Mrs. Holland's want of testamentary capacity or of undue influence upon her. If the ruling were considered erroneous, we would not regard it as harmful, so as to cause a reversal of the trial court's judgment.

[3] If we should stop here, and not consider the assignments presented by the appellants in the Court of Civil Appeals and overruled by that court, we should order that the judgment of the trial court be affirmed. But it seems to be the definitely settled rule that the party who prevailed in the Court of Civil Appeals is entitled to have his assignments, which were properly presented in that court, considered by the Supreme Court in so far as may be necessary to determine what judgment should have been rendered by the Court of Civil Appeals.

One Wheeler recovered a judgment for $16,000 against a railway company, and the latter appealed to the Court of Civil Appeals, where the judgment was reversed for the admission of certain testimony. Wheeler applied to the Supreme Court for a writ of error, on the ground that the testimony referred to was properly admitted by the trial court, and that the Court of Civil Appeals erred in the contrary holding. The Supreme Court first determined that the trial court committed no error in the admission of the testimony, and that the Court of Civil Appeals was in error in ordering a reversal of the trial court's judgment because the testimony was admitted. It was then decided that the railway company, though it had filed no application for writ of error or assignments of error in the Supreme Court, was entitled to have a determination by the Supreme Court of the assignments made by it as an appellant in the Court of Civil Appeals, "to ascertain if the judgment of the trial court should have been reversed upon any one of the grounds assigned." Among those assignments two were found which were sustained, and on them a reversal of the trial court's judgment was ordered, unless Wheeler filed a remittitur of part of his judgment. Wheeler v. Tyler Southeastern Ry. Co., 91 Tex. 356, 43 S. W. 876.

[4] While the rule is established that this court will refuse to consider error urged by a plaintiff in error as fundamental, if not presented in his petition for writ of error filed within the statutory time (Link v. City of Houston, 94 Tex. 382, 59 S. W. 566, 60 S. W. 664), yet fundamental error, never assigned, is available in the Supreme Court to the prevailing party in the Court of Civil Appeals. The reason for considering unassigned fundamental error as available in the Supreme Court to the prevailing party in the Court of Civil Appeals is stated in Texas Brewing Co. v. Templeman, 90 Tex. 277, 38 S. W. 27, as follows:

"In this case the Court of Civil Appeals reversed the judgment of the district court and remanded the cause. The appellee, as plaintiff in error in this court, seeks to reverse the judgment rendered upon appeal, and, in order to do so, must show that it is erroneous. In other words, it must be made to appear that the Appellate Court should have affirmed the judgment of the district court. But if there was fundamental error in the latter judgment apparent upon the face of the record, it should have been reversed by that court, whether or not that or other errors were assigned. The judgment of reversal is correct, and therefore must stand, although the ruling of the court may have been placed upon the wrong ground."

[5] Among the assignments of defendants in error in the Court of Civil Appeals was one complaining that the trial court erred in permitting plaintiff in error to testify that he did not at any time say anything to his mother with reference to making a will, over the objection that to admit such testimony was to permit a party to the suit, not called by the opposite party, to testify to transactions with the deceased Mrs. Susan E. Holland. In our opinion, it was reversible error to admit this testimony, which was plainly prejudicial on the issue as to whether the instrument offered for probate was procured by the undue influence of plaintiff in error. It being obvious that conversations had passed between the testatrix and the witness, to permit the witness to deny that a particular subject had been mentioned in the conversations was to permit him to give negative testimony as to such conversations, and hence as to transactions with the testatrix.

The statute forbade the admission of testimony, positive or negative, of this witness in this action, at his own instance, against the contestants, "as to any transaction with" Mrs. Susan E. Holland. Testimony of like import was held inadmissible in McCampbell v. Henderson, 50 Tex. 613; Johnson v. Lockhart (Tex. Civ. App.) 40 S. W. 641; and Edelstein v. Brown (Tex. Civ. App.) 95 S. W. 1128. See, also, Webb v. Simmons, 3 Ga. App. 639, 60 S. E. 334.

The decision of the Court of Civil Appeals sustaining the admission of this testimony was in accord with its previous opinion in Adam v. Sanger (Tex. Civ. App.) 77 S. W. 954. The Supreme Court refused a writ of error in that case, but that action implied no approval of the holding that testimony which was negative in character was without the inhibition of the statute. For, in the opinion in Adam v. Sanger, it was pointed out that the admission of the negative testimony there complained of, if error, was entirely harmless.

The motion for a rehearing is granted, but, since the Court of Civil Appeals entered the correct judgment, in reversing the judgment of the trial court and in remanding the cause for a new trial, its judgment is affirmed. It is ordered, however, that the trial court be governed on the new trial by this opinion, and, in so far as it is not inconsistent herewith, by the opinion of the Commission of Appeals.