**WYNNE v. PAYNE, Agent.** (No. 336–3699.)

(Commission of Appeals of Texas, Section A. Nov. 22, 1922.)

1. **Appeal and error ⊚=362(1)—Error not assigned in application for writ of error not reviewable.**

Fundamental error not assigned in an application for a writ of error to Court of Civil Appeals will not be considered by the Supreme Court.

2. **Appeal and error ⊚=362(2) — Application for writ of error held to contain only one assignment of error.**

The assignment in an application for a writ of error that error had been committed "in sustaining defendant in error's first and second assignments of error, and in holding deceased * * * was not engaged in interstate commerce," *held*, though concededly multifarious, not to contain two distinct complaints in violation of Supreme Court rule providing that each ground of error must be presented separately.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by Carrie Wynne, as temporary administratrix of the estate of R. F. Wynne, against John Barton Payne, Director General of Railroads. From a judgment of the Court of Civil Appeals (233 S. W. 609) reversing a judgment for the plaintiff, plaintiff brings error. Affirmed.

Johnson, Edwards & Hughes, of Tyler, for plaintiff in error.

Marsh & McIlwaine, of Tyler, for defendant in error.

RANDOLPH, J. This was a suit brought by Carrie Wynne as temporary administratrix of the estate of R. F. Wynne, deceased, for the benefit of Carrie Wynne, minor sister and next of kin of deceased, dependent upon deceased, for damages for his death, against the Director General of Railroads, operating the St. Louis Southwestern Railroad. From a judgment in the district court of Smith county in favor of plaintiff as such administratrix, the defendant appealed to the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas, and that court reversed the judgment so obtained and rendered judgment by a majority opinion for defendant in error (233 S. W. 609), and, a writ of error having been granted by the Supreme Court, the case is submitted to this section of the Commission for consideration.

The plaintiff as such temporary administrator filed her petition seeking a recovery for damages against defendant, Director General, alleging that deceased was employed in interstate commerce when killed, and further that plaintiff sues under the law of the United States known as the Federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665). The petition was amply sufficient to present a case of actionable negligence against defendant, under the state law if the allegations in said petition seeking a recovery under the federal act were disregarded.

The Court of Civil Appeals, Justice Levy dissenting, held that the evidence failed to show that the deceased at the time of his death was engaged in service which was interstate commerce, and on this holding rendered the case in favor of defendant in error.

We are of the opinion that the majority of the Court of Civil Appeals did not err in their holding that the deceased was not engaged in such service as constituted interstate commerce and that their opinion is abundantly sustained by the authorities cited by them; hence we pretermit any discussion of that question.

Since the granting of the writ of error herein, the plaintiff in error has filed a printed argument in support of the grounds set out in her application, which presents the following propositions under which, and on which, the Supreme Court is asked to reverse the decision of the Court of Civil Appeals in this case. These propositions are as follows:

"(1) Is plaintiff in error's assignment or specification of error in her application for the writ to this court, or is the record as a whole, sufficient to raise the question and the contention here that she, as the plaintiff in the court below, was entitled to judgment on the findings of the jury, even though the evidence may have failed to sustain her allegation that deceased was employed in interstate commerce when killed?

"(2) Under the pleadings, or the state of the record, was plaintiff in error entitled to judgment under the facts and findings of the jury, although the evidence may have failed to show that deceased, when killed, was employed in interstate commerce?"

Plaintiff in error under these propositions presents the following argument:

"Plaintiff in error, both in her motion for rehearing and in her application for the writ, specifically complains of the action of the Court of Civil Appeals, substantially, in these two respects: (1) In sustaining the defendant in error's first and second assignments of error, which contend that a verdict should have been instructed for him; 'and' (2) in holding that deceased was not employed in interstate commerce. These complaints are separate and distinct. The first part of the assignment is unequivocally addressed to the propriety of the peremptory instruction. Obviously, this complaint, clearly made and specifically stated, cannot be construed as being limited by, or referable alone to, a determination of the issue of interstate commerce vel non, even though in the assignment it precedes and is joined (through means of the conjunctive term 'and') with another complaint addressed solely to that

issue. The first part of the assignment, while assigning no reason therefor, clearly raises the issue of the. propriety of such peremptory instruction, and, having done so, presents, under the rule laid down by this court, the entire case by which that peremptory instruction must be measured to determine whether it should have been given."

Counsel for the plaintiff in error also on the oral argument of this cause take the position before this court that notwithstanding she had expressly, pleaded her right to recover her damages under the federal act, that she having the right to sue for such damages under article 6648, Vernon's Revised Civil Statutes of Texas, and that her pleading being sufficient to authorize the recovery for the reason that same contained all necessary allegations to warrant same and that as the pleading and evidence justified the verdict and judgment, the Court of Civil Appeals erred in reversing and rendering the cause and in not disregarding the pleadings of plaintiff in error, wherein she prayed for 'a recovery under the federal act and in permitting the judgment of the trial court to stand because so warranted, and the plaintiff in error also in the oral argument of counsel insisted that such action of the Court of Civil Appeals was fundamental error and should so-be considered by the Supreme Court.

[1] In reply to the last-stated proposition, we hold that unless this error was assigned in the application for writ of error, we cannot consider same. Our Supreme Court has held that fundamental error not assigned in the application for writ of error will not be considered by them. Link v. City of Houston, 94 Tex. 382, 59 S. W. 566, 60 S. W. 664; Holland v. Nimitz (Tex. Sup.) 239 S. W. 189.

[2] The question remaining to be discussed is plaintiff in error's contention that the assignment in the application is sufficiently specific to point out the error of the Court of Civil Appeals in reversing and rendering the case and in not disregarding the pleading of plaintiff wherein she seeks recovery under the Federal Employers' Liability Act.

The sole assignment of error contained in the application for writ of error and the proposition thereunder is as follows:

"The Court of Civil Appeals, by the majority opinion, erred in sustaining defendant in error's first and second assignments of error, and in holding that the deceased, R. F. Wynne, at the time he was killed, was not engaged or employed in interstate commerce within the purview of the Federal Employers' Liability Act; because under the evidence, as well as the finding and conclusions of fact of the. Court of Civil Appeals:

"(1) Engine 560 was temporarily in the roundhouse of defendant in error for light running repairs, in making which repairs deceased was engaged when killed;

"(2) Said engine 560 had just completed a round trip over defendant in error's road from Tyler to Lufkin, hauling through freight trains, each of which contained carload shipments of interstate freight, and at the end of the trip was sent to the roundhouse for light running repairs to be again at once, as it was in fact, employed in the like service of drawing through freight trains containing carload shipments of interstate freight;

"(3) Said engine had been, and was, definitely set aside, permanently assigned, and regularly and uniformly used in pulling through freight trains, which through freight trains were those in which interstate commerce was principally, ordinarily, and regularly moved over the defendant in error's road;

"(4) Said engine had been, prior to the time of said, repairs, and was thereafter, regularly, uniformly, and without exception, engaged and employed in hauling interstate commerce, and was not engaged in any service, either before or after said repairs, which did not in every instance directly involve and include the transportation of interstate commerce over defendant in error's road.

"Wherefore there was evidence which supported, and in fact required, the finding that engine 560, at the time of said repairs, was engaged or employed in interstate commerce, and that deceased, engaged in making such repairs when killed, was likewise employed or engaged in such interstate commerce within the purview of the Federal Employers' Liability Act, notwithstanding said engine was at the time in the' roundhouse and was not at the moment actually engaged in making a trip over the road.

### "Proposition.

"A locomotive engine, or other ambulatory instrumentality, for moving commerce, which is definitely and permanently assigned to and which is uniformly engaged in hauling trains which, in all instances without exception, contain interstate shipments of freight, is engaged in interstate commerce, and the employé of the carrier, while making light running repairs on such engine to enable it to continue in such service, is employed in interstate commerce within the purview of the Federal Employers' Liability Act, notwithstanding such repairs are made between its trips over the road, and notwithstanding the trains hauled by it contain also intrastate commerce."

The plaintiff in error contends that this assignment contains two distinct complaints: (1) That exception is reserved to the action of the Court of Civil Appeals in sustaining the defendant in error's first and second assignments of error, which contend that the verdict should have been instructed for him; "and" (2) in holding that deceased was not employed in interstate commerce.

We admit that the assignment is multifarious, but we cannot concede that the word "and," being a conjunction, can give a meaning to the assignment wholly foreign to its text and context.

The Supreme Court rules governing the preparation and presentation of errors by assignment in the application for a writ of error is as follows (Second Edition of Harris' Rules of the Courts [L. K. Smoot] p. 21 [h]):

"(h) Each ground of error must be presented separately by an assignment stating clearly and succinctly the error complained of, which shall be immediately followed by such propositions of law, if the assignment be not itself submitted as a proposition, statement from the record, and citation of authorities, as will show in what manner the particular ruling complained of was reasonably calculated to cause and did cause the rendition of an improper judgment in the case."

From no viewpoint can this assignment, considered with its proposition, be said to "show in what manner the particular ruling complained of was reasonably calculated to cause and did cause rendition of an improper judgment" in this case, except that it does present the alleged error of the Court of Civil Appeals in holding that the deceased was not engaged in interstate commerce at the time of his death.

The Supreme Court is confined to the assignment of error contained in the petition for writ of error (Van Orden v. Pitts et al. [Tex. Com. App.] 206 S. W. 231), and cannot carve an assignment of error out of a multifarious assignment in order to assume jurisdiction over a question not presented in the assignment itself. Especially should this rule obtain where the whole of the multifarious assignment, and the proposition thereunder, clearly and specifically point to another distinct and unrelated ground of error.

We therefore recommend to the honorable Supreme Court that the judgment of the Court of Civil Appeals in this cause be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.