`FRICK CO. v. NUNN et al.   (No: 2443.)

(Court of Civil Appeals of Texas.   Amarillo.
March 11, 1925.)

Appeal and error ⬥753(2)—Judgment affirmed, where no errors assigned in trial court or on appeal and no fundamental error apparent of record.

, Where no assignments of error were filed in trial court, nor appear in transcript or brief of appellants, and no fundamental error is apparent of record, *held* that, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, judgment of trial court sustaining defendant's plea of privilege must be affirmed.

Appeal from. Parmer County Court; James D. Hamlin, Judge.

Action by the Frick Company against J. L. Nunn and others. From an order sustaining defendant's plea of privilege, plaintiff appeals. Affirmed.

A. B. Crane, of Farwell, for appellant.
Madden, Adkins & Pipkin, of Amarillo, for appellees.

JACKSON, J. This suit was instituted in the county court of Parmer county by Frick Company, a corporation, appellant herein, against J. L. Nunn, on an obligation executed by J. L. Nunn, upon which an alleged balance of $408, with interest at the rate of 6 per cent. per annum from May 6, 1921, was claimed by appellant, and for a foreclosure of an alleged mortgage securing the payment of said sum against J. L. Nunn, B. U. Malone, and Charles Malone.

Appellant alleged that B. U. and Charles Malone were resident citizens of Parmer county, Tex., and that J. L. Nunn lived in Potter county, Tex.; that J. L. Nunn, at the time the obligation was made, was doing business in the town of Farwell, Parmer county, Tex., under the name of Farwell Ice Company, but that he was the sole and only owner thereof, and that appellee Nunn had purchased from appellant certain machinery and apparatus described in the contract set up in appellant's petition; that B. U. and Charles Malone are in possession of said machinery and apparatus, which is situated in Parmer county, claiming it under a purchase from J. L. Nunn, and that appellant's mortgage lien, which was of record at the date of the sale by Nunn to the Malones, is superior to any claim of the said Malones.

No answer was filed by the Malones, and defendant J. L. Nunn filed his plea of privilege, containing the necessary statutory requirements, to be sued in the county of his residence. He also denied that he was a partner of the other defendants, or either of them; and denied that appellant had a chattel mortgage filed or registered at the time the Malones acquired the machinery and apparatus, and alleged that said Malones were joined in said suit for the sole and only purpose of conferring jurisdiction on the court, which action was a fraud on the jurisdiction of the court.

Appellant filed a contesting affidavit to the plea of privilege urged by appellee Nunn, which substantially denied the allegations in said plea of privilege, and the issues of fact so made were submitted to the court, and, upon a hearing thereof, the court entered judgment sustaining the appellee Nunn's plea of privilege, and ordered said case transferred to the county court of Potter county, Tex. From this order appellant appealed.

Appellee Nunn objects to a review of the

action of the trial court by this court, because no assignments of error were filed in the trial court, no assignments of error appear in the transcript, and none in the brief of appellant, and because no fundamental error is apparent of record.

Article 1612, V. S. C. S., reads:

"The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of record from the clerk's office; provided, that where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error, and provided further, that all errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of."

In Holmes v. Coalson (Tex. Civ. App.) 178 S. W. 634, the court says:

"An appeal from a judgment sustaining the plea of privilege, either under the old law or under the present statute, would be governed by the statutes and rules applicable to appeals generally."

In McFarland et al. v. Burkburnett-Harris Oil Co. (Tex. Civ. App.) 228 S. W. 571, it is held:

"Whether the trial is before the court or the jury, the assignments of error presented in the brief must have been incorporated in the record, either as formal assignments or in the motion for new trial."

In McGrew et al. v. Hoy et al. (Tex. Civ. App.) 234 S. W. 686, the court says:

"Except in the case of fundamental errors, an appellate court has no basis for the consideration of errors but those presented through assignments of error. The statute as to the filing assignments of error, whether filed as such assignments or as grounds for new trial, is mandatory, and courts have no authority to dispense with them."

In Roberson et al. v. Hughes et al., by the Commission of Appeals, 231 S. W. 734, it is held that the Courts of Civil Appeals are courts of review, and their jurisdiction to review a ruling of the trial court is limited by statute to the consideration of errors assigned in the manner prescribed by law, and such fundamental error as is apparent on the face of the record.

There are no assignments of error in the record, and no fundamental error is apparent. For these reasons the judgment of the trial court, to the extent that it orders the case transferred to the county court of Potter county, is affirmed.