## EASLEY v. WICHITA STATE BANK & TRUST CO. (No 2520.)

(Court of Civil Appeals of Texas. Amarillo. June 10, 1925. Rehearing Denied July 1, 1925.)

**1. Appeal and error ⬳274(7)—Exception to judgment sufficient to authorize appellant to assail court's findings.**

Exception to judgment, in case tried by court without jury, is sufficient to authorize appellant to assail findings.

**2. Banks and banking ⬳39—Note given in payment for shares of bank's capital stock void.**

Under Const. art. 12, § 6, note given in payment for shares of capital stock of bank is void.

**3. Appeal and error ⬳1010(1)—Trial court's finding of fact, supported by any evidence, binding on appellate court.**

Trial court's finding, supported by any evidence, that note, in renewal of which note sued on was given, was not given in payment for shares of capital stock of bank, is binding on appellate court.

**4. Banks and banking ⬳39—Finding that note was not given for shares of capital stock of bank held supported by evidence.**

Trial court's finding that note, in renewal of which note sued on was given, was not given in payment for shares of capital stock of bank, *held* supported by evidence.

Appeal from District Court, Wichita County; H. R. Wilson, Judge.

Action by the Wichita State Bank & Trust Company against A. C. Easley. Judgment for plaintiff, and defendant appeals. Affirmed.

Jno. B. McNamara, of Waco, and Davenport, Cummings & Thornton, of Wichita Falls, for appellant.

Cox, Fulton & Dickey, of Wichita Falls, for appellee.

RANDOLPH, J. This suit was brought by the appellee bank to recover judgment on a note for $5,000, interest, and attorney's fees, and for foreclosure of lien upon certain bank stock held by it as collateral, against appellant. Appellant contested the bank's right to such judgment, on the ground that the note sued on was executed and delivered to the bank in payment for capital stock in the bank. The trial was had before the court without the intervention of a jury and judgment rendered for the bank. From this judgment appeal is had to this court.

[1] Our consideration of the questions presented under appellant's assignments and propositions is challenged by appellee because, the trial court having made and filed his findings of fact and conclusions of law, and no attack having been made upon such findings, and no exception taken to them by appellant, such findings are conclusive on this court. It was held in the case of Edwards v. Youngblood, 160 S. W. 288, by this court, that where a case is tried before the court without the intervention of a jury, and the judgment rendered is duly excepted to, such exception is sufficient to authorize the appellant to assail the findings. This is also held to be the rule by the Supreme Court in the case of Hess & Skinner Engineering Co. v. Turney et al., 109 Tex. 208, 203 S. W. 593, 594. We will therefore consider the questions raised by appellant's assignments and propositions.

[2] The controlling question submitted for our decision is presented by appellant's first proposition, which is as follows:

"Notes given in payment for capital stock of corporations as between such corporation and the maker of the note, are violative of article 12, § 6, of the state Constitution, and of article 1146 of Vernon's Sayles' Civil Statutes, and are therefore void."

[3] Article 12, § 6, of said Constitution, providing that "no corporation shall issue stock or bonds except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void," applies to the transaction here in question, if the evidence establishes it to be a fact that the note was given in payment for shares of capital stock in the bank. The trial court found that the original note for $3,600, for which the note sued on was given in renewal, plus the interest or other loans, was not given for that purpose; hence, if there is any evidence to support such finding, it is binding on us. Bird v. Pace, 26 Tex. 488; Raysor v. Reid, 55 Tex. 266; Barnard v. Tarleton, 57 Tex. 402; Kempner v. Jordan, 7 Tex. Civ. App. 275, 26 S. W. 870 (writ denied); Boehm v. Beutler, 16 Tex. Civ. App. 380, 41 S. W. 658 (writ denied); Thigpen v. Russell, 55 Tex. Civ. App. 211, 118 S. W. 1080, 1081.

[4] There is evidence in this case to support the finding of the trial court. Easley, the appellant, was an officer in charge of the

trust department of such bank. He knew that the increase of the capital stock was being provided for. About one month before the stock was issued, on March 15, 1920, he borrowed this money, and the evidence shows that it was deposited to his credit, and was checked out into the increased capital account on April 14, 1920, and such stock then issued to him. There was, as indicated, a capital increase account, and this shows that the money was actually paid into that account. While the bank president testifies that he was aware of the fact that the appellant was borrowing the money to buy the stock, yet the evidence discloses that the appellant was solvent, was a good risk and one to whom the bank might well make a loan. The president testifies that the note was given to the bank for the loan, and the circumstances so conflict that appellant's claim that he purchased the stock with the note might well be ignored by the trial court. It is shown by the evidence that the appellant carried the amended charter for the increase of capital stock to Austin for its issuance. It also appears that the appellant testifies he did not solicit the issuance of stock to him. The then president of the bank testifies that he did solicit it.

The decision of this question disposes of the other assignments of error and propositions, and we affirm the trial court's judgment.