**MARTIN et al. v. BARNUM et al.**
(No. 11562.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 7, 1925.)

**1. Appeal and error ⟝282—Filing motion for new trial is not necessary to give appellate court jurisdiction of case tried to court.**

In case tried to court without intervention of jury, filing motion for new trial was not necessary to give appellate court jurisdiction.

**2. Appeal and error ⟝745—In absence of motion for new trial, assignments of error must be filed in lower court to take advantage of any error not fundamental.**

Under Rev. St. 1925, art. 1844, in case tried to court in which no motion for new trial was filed, assignments of error must be filed in lower court to take advantage of any errors not fundamental.

**3. Appeal and error ⟝722(1)—Assignments of error in brief not predicated on, or copies of, assignments of error filed in lower court, not considered on appeal unless they involve questions of fundamental error.**

In case tried to court in which no motion for new trial was filed, assignments of error in brief not predicated on, or copies of, assignments of error filed in lower court, cannot be considered on appeal unless they involve questions of fundamental error.

**4. Appeal and error ⟝722(1)—Bills of exceptions construed as constituting assignments of error.**

In case tried to court, in which no motion for new trial was filed, bills of exceptions complaining of various alleged errors of trial court and beginning with such statements as "the court committed error,". "the court erred," will be construed as constituting assignments of error, defeating motion to dismiss the appeal for failure to assign error in trial court.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action between R. M. Martin and others and W. E. Barnum and others. From judgment below, the former appeal and the latter move to dismiss the appeal. Motion overruled.

W. R. Booth and W. R. Parker, both of Fort Worth, for appellants.

Geo. Lipscomb and Theo. Koenig, both of Fort Worth, for appellees.

BUCK, J. Appellees have filed their motion to dismiss the appeal in this cause for the reason (1) that no assignments of error were filed in the trial court, and (2) because no motion for a new trial was filed therein. The motion further states that there are no fundamental errors apparent of record, and appellants do not deny this statement, and therefore we may accept said statement as true.

[1, 2] The case having been tried by the court without the intervention of a jury, it was not necessary, in order to give this court jurisdiction, for a motion for a new trial to be filed. Hess & Skinner Engineering Co. v. Turney et al., 109 Tex. 208, 203 S. W. 593; Easley v. Wichita State Bank (Tex. Civ. App.) 274 S. W. 249; Parks v. City of Waco (Tex. Civ. App.) 274 S. W. 1006; and many other cases. But we think that it is necessary for an appeal to file assignments of error in the lower court in order to take advantage of any errors not fundamental.

Article 1844 [1612] [1080], Rev. Civ. Statutes 1925, reads as follows:

"Before he takes the transcript from the clerk's office, the appellant or plaintiff in error shall file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies. Where a motion for new trial has been filed, the assignments therein shall constitute the assignments of er-

ror and need not be repeated by filing separate assignments of error. All errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of.".

[3] Assignments of error in the brief not predicated on or copies of assignments of error filed in the lower court cannot be considered, unless they involve questions of fundamental error. Am. Law Book Co. v. Carter (Tex. Civ. App.) 275 S. W. 510; Van Orden v. Pitts (Tex. Com. App.) 206 S. W. 830; Wynne v. Payne (Tex. Com. App.) 244 S. W. 993.

[4] But the appellant contends that his bills of exception are in effect assignments of error. Such bills complain of various alleged errors of the court below and begin with such statements as "the court committed error," "the court erred," etc. Of late years the appellate courts, and especially the Supreme Court, have become very liberal in so construing the rules governing appellate procedure as not to deny one desiring to appeal of such right. See Morrison v. Neely (Tex. Com. App.) 231 S. W. 728; Barkley v. Gibbs (Tex. Com. App.) 227 S. W. 1099; Hess & Skinner Engineering Co. v. Turney, supra.·

Therefore we conclude that, in harmony with these Supreme Court decisions, we should construe the bills of exception as constituting the assignments of error.

Therefore the motion to dismiss the appeal is overruled.