## LORENZEN v. KEENAN. (No. 2689.)

(Court of Civil Appeals of Texas. Amarillo. April 21, 1926. Rehearing Denied May 19, 1926.)

Appeal and error ⬅️745—Assignments of error in brief, but not in transcript, are not filed in trial court so as to be entitled to consideration on appeal (Rev. St. 1925, arts. 1844, 2281).

Assignments of error in brief, and which did not appear in transcript, that court erred in entering judgment for plaintiff because verdict and judgment were not supported by sufficient evidence, and that it erred in defining adverse possession, refusing special and general charges on issue of adverse possession, held not filed in trial court, as required by Rev. St. 1925, arts. 1844, 2281, so as to be entitled to consideration on appeal.

Appeal from District Court, Lamb County; R. C. Joiner, Judge.

On motion for rehearing. Motion overruled.

For original opinion, see 266 S. W. 839.

M. J. Baird, of Plainview, for appellant.

Williams & Martin, of Plainview, for appellee.

HALL, C. J. By judgment heretofore entered, the briefs of plaintiff in error were stricken, and the judgment of the trial court was affirmed on certificate. By motion filed in due time plaintiff in error asks for a rehearing; that his briefs be refiled, together with his supplemental briefs; that the judgment of affirmance be set aside; and that the case be set for hearing on the merits.

R. S. 1925, arts. 1844 and 2281, provide that the appellant or plaintiff in error, before taking the transcript from a trial court, shall file assignments of error with the clerk of that court, and that such assignments shall be incorporated in the transcript. The transcript in this case was filed by the clerk on February 11, 1926. The transcript contains no assignments of error, and plaintiff in error does not contend that any assignments were ever filed in the trial court. His brief contains assignments of error, but they are not entitled to consideration.

In Martin v. Barnum (Tex. Civ. App.) 278 S. W. 323, it is held that, though no motion for new trial was filed, nevertheless, when the record contained bills of exception complaining of various alleged errors committed

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by the trial court, and begin with such statements as "the court committed error," "the court erred," such bills will be construed as constituting assignments of error as against a motion to dismiss the appeal for failure to assign error in the trial court. We are not informed by the opinion in that case of the substance of the bills of exception, and, even if it be held that the rule there announced is correct, plaintiff in error in the instant case has not brought himself within the terms of the rule.

The assignments of error contained in the brief complain: (1) That the court erred in entering judgment for defendant in error, because the verdict and judgment were not supported by sufficient evidence; (2) that the court·erred in defining adverse possession; (3) that the court refused a special charge which, it is insisted, correctly defines adverse possession, but which is simply a general charge upon that issue; (4) the court refused a second special issue submitting the question of adverse possession; (5) that the court refused a general charge upon the issue of adverse possession which is clearly upon the weight of the evidence; and (6) that the court refused still another special charge upon what constitutes adverse possession, which is, in fact, not a special issue, but in the nature of a general charge.

Even under the liberal rule in the Martin Case, where no motion for a new trial has been filed, we cannot hold that assignments of error have been filed in the trial court as required by the statute and the rules.

The motion for rehearing is, therefore, overruled.