### HUTCHINSON v. BARNUM.   (No. 2750.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 19, 1927.)

1. Appeal and error &#8658;502(1), 753(1)—Only errors apparent of record can be considered, on appeal from judgment granting new trial, in absence from transcript of assignments of error or motion for new trial (Vernon's Ann. Civ. St. 1925, arts. 1844, 2249, 2281).

Under Vernon's Ann. Civ. St. 1925, arts. 1844, 2249, 2281, only errors apparent of record can be considered, by appellate court, on appeal from judgment granting new trial, in absence from transcript of assignments of error or motion for new trial.

2. Appeal and error &#8658;672—There is no error apparent of record, where court must examine whole record for fundamental error.

Where appellate court cannot determine whether there was fundamental error in judgment without taking up whole record and going through transcript and statement of facts, there is no error apparent of record requiring consideration.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by B. G. Hutchinson against R. G. Barnum. From a judgment granting defendant a new trial and setting aside a judgment for plaintiff, plaintiff appeals. Affirmed.

Umphres, Mood & Clayton, of Amarillo, for appellant.

Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellee.

RANDOLPH, J. This suit was filed by appellant, as plaintiff, against appellee, as defendant, in the district court of Potter county, Tex., to recover a sum of money alleged to be due him from defendant as wages for services rendered by him. A judgment in favor of plaintiff was rendered by the trial court, which judgment shows, by its terms, to have been rendered by agreement. Within two days of the rendition of the judgment, the defendant filed his motion for a new trial, which motion was granted by the trial court and the judgment theretofore rendered by him was set aside. The plaintiff in open court excepted to the action of the court in granting such new trial and gave notice of appeal to this court.

[1] The plaintiff filed no motion in the nature of a motion for a new trial; neither did he file any assignment or assignments of error in the trial court, and none such are contained in the transcript. It is true that the plaintiff has presented assignments of error in his brief, but such assignments do not show to have been filed in the trial court, and are not contained in the transcript.

Article 2281, vol. 7, Vernon's Annotated Civil Statutes 1925, provides expressly that the transcript shall contain the assignments of error. Article 1844, vol. 4, requires that the party appealing shall file with the clerk of the court below all assignments of error, distinctly specifying the ground upon which he relies, and this to be done before he takes the transcript from the clerk's office. This article also provides that when a motion for new trial has been filed the assignments therein shall constitute the assignments of error and need not be repeated by filing separate assignments of error.

Article 2249, Vernon's Annotated Civil Statutes, providing for appeals from orders granting new trials, requires that:

"Such appeal shall be taken within the same time and in the same manner as if the judgment was final."

In the absence of assignments of error, or a motion for new trial from the transcript, only errors apparent of record can be considered by us. Houston Oil Co. of Texas v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Ætna Accident & Liability Co. v. Trustees, etc. (Tex. Civ. App.) 218 S. W. 537; Peacock v. Moore (Tex. Civ. App.) 125 S. W. 943; Frick Co. v. Nunn (Tex. Civ. App.) 270 S. W. 585; Lorenzen v. Keenan (Tex. Civ. App.) 283 S. W. 925.

[2] Without taking up the whole record and going through the transcript and statement of facts, we could not possibly determine whether there was fundamental error in the judgment, and hence there is no error apparent of record requiring our consideration. Houston Oil Co. v. Kimball, supra; Ætna Accident & Liability Co. v. Trustees, etc., supra.

Not having jurisdiction to consider the alleged errors presented in appellant's brief, we affirm the judgment of the trial court.