MITCHELL et al. v. SCHOFIELD et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 14, 1911. Rehearing Denied Oct. 28, 1911.)

1. ADVERSE POSSESSION (§ 106*)—NATURE OF TITLE ACQUIRED.

Ten years adverse possession vests in the holder full title precluding all claims.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 604–623; Dec. Dig. § 106.*]

2. HUSBAND AND WIFE (§ 249*)—COMMUNITY PROPERTY.

Property acquired by limitation by a married person becomes community property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 889; Dec. Dig. § 249.*]

3. HUSBAND AND WIFE (§ 274*)—COMMUNITY PROPERTY.

A wife's interest in community property descends to her heirs.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 274.*]

4. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY—CONVEYANCES—RIGHT OF PARENT.

A father cannot sell his children's interest in community property descended to them from their mother.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1019–1021; Dec. Dig. § 273.*]

5. HUSBAND AND WIFE (§ 273*)—BONA FIDE PURCHASERS—COMMUNITY PROPERTY.

One purchasing community property from a surviving husband in possession, for a valuable consideration, without knowledge of a former marriage, and knowing that title had been quieted in grantor as against a railway company, was an innocent purchaser, as against children of such marriage claiming their deceased mother's interest.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1019–1021; Dec. Dig. § 273.*]

6. HUSBAND AND WIFE (§ 273*)—BONA FIDE PURCHASERS—COMMUNITY PROPERTY.

A purchaser from the survivor of a community without notice of the community takes good title.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1019–1021; Dec. Dig. § 273.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Trespass to try title by Louisa L. Mitchell and others against J. D. Schofield and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Eckford & Cooke, for appellants. Chas. A. Rasbury, for appellees.

RAINEY, C. J. This is an action of trespass to try title, brought by appellants to recover of appellees a certain parcel of land. Appellees recovered below, and the appellants prosecute this appeal.

The evidence shows that George Lytle, Sr., and his first wife, Sallie, are the parents of the appellants. Said Lytle and wife, Sallie, acquired title to the land by the statute of limitation of 10 years during their coverture. After the title had been so acquired, Sallie Lytle, the first wife, died. George Lytle, Sr., afterwards married Annie Lytle. He, with his second wife, continued to occupy the land. While so occupying the land they deeded the land for a valuable consideration to appellee J. D. Schofield. Schofield at the time of his purchase knew nothing of George Lytle, Sr., ever having been previously married, or of his having any children, and had no notice of appellants' claim to any interest in the land. Before the purchase by Schofield the Gulf, Colorado & Santa Fé Railway Company had sued George Lytle, Sr., for the land, and judgment was rendered for Lytle, which recited that the railway company take nothing by reason of said suit, and that defendant George Lytle do have and recover from the plaintiff the property described in plaintiff's petition, and that the title and possession of said land be settled and quieted in the defendant George Lytle, Sr. Schofield knew of that judgment and that the land had been acquired by George Lytle, Sr., by limitation.

The question for solution is: Can a surviving husband convey a good title to land acquired by him and his deceased wife by limitation to an innocent purchaser, when there are living children of the deceased wife?

[1, 2] The holding possession of land adversely for ten years under our statute vests in the holder "full title precluding all claims," and gives a complete legal title as to all parties. MacGregor v. Thompson, 7 Tex. Civ. App. 32, 26 S. W. 649. Where the holder is married and the title is perfected by limitation, it becomes community property of the husband and wife.

[3, 4] The land in suit was the community property of George and Sallie Lytle, and at her death her surviving children inherited her interest and the title to such interest vested in them. No right existed in George Lytle, Sr., to sell the children's interest in the land, and, unless Schofield was an innocent purchaser of the land, his title to the land must fail.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

[5] But we think Schofield was an innocent purchaser. He paid a valuable consideration to Lytle for the land. Lytle was in possession and claimed to be the owner. Schofield knew no better. He knew of the judgment that Lytle had recovered against the railway company. The deed was executed by Lytle and his then wife, Annie, and there was nothing to show Schofield that Lytle had ever before been married, and that there existed any children, issues of said first marriage.

[6] It is the settled doctrine of our decisions that the purchaser purchasing from a survivor of the community without notice of the existence of such community takes a good title. Edwards v. Brown, 68 Tex. 329, 4 S. W. 380, 5 S. W. 87, and other cases.

We think the principle announced in those cases applies to this case, and the judgment is affirmed.