FRANCES R. WALZ, ADMINISTRATRIX, ESTATE OF W. G. WALZ, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75790.   Promulgated June 7, 1935.

*H. R. Gamble, Esq.*, for the petitioner.
*T. H. Histon, Esq.*, for the respondent.

## OPINION.

BLACK: In this proceeding respondent has determined a deficiency against petitioner's decedent for the year 1931 of $405.70. Only a part of the deficiency is contested.

There is only one issue for us to determine, which is whether the petitioner is entitled to deduct an alleged loss of $10,231 representing the difference between the cost to the community of 400 shares of Radio Corporation of America stock, amounting to $16,881, and its fair market value, amounting to $6,650, which resulted from a partition of community property of the petitioner's decedent and his wife, Rosalie B. Walz, at the time of their divorce on July 16, 1931.

The facts have been stipulated and are a part of the record. Only such facts will be stated herein as are necessary to make clear the issue which we are to decide.

The petitioner's decedent, W. G. Walz, and Rosalie Behr Walz were married in El Paso, Texas, on May 9, 1917, and they were divorced in El Paso, Texas, on July 16, 1931. On July 15, 1931, they entered into an agreement dividing and partitioning their community property. During the year 1930 there were purchased by the community of petitioner's decedent, W. G. Walz, and his wife, Rosalie Behr Walz, among other property, 400 shares of stock of Radio Corporation of America at a cost of $16,881.

Under and pursuant to the aforesaid agreement dated July 15, 1931, the 400 shares of stock of Radio Corporation of America were partitioned to the wife of the deceased petitioner and at the date of the partition this stock had a fair market value of $6,650.

After describing the property which was to be distributed to the wife, the property settlement agreement dated July 15, 1931, contained the following paragraph:

In connection with the foregoing, it is agreed that the community property to be divided between the parties, not including the household furniture and

furnishings, is of the value of Ninety-two Thousand ($92,000.00) Dollars, and that the party of the first part is entitled to one-half of all the amount, or Forty-six Thousand ($46,000.00) Dollars. In setting apart to her such interest, she shall be charged with Four Thousand ($4,000.00) Dollars for the North El Paso Street house, and with the market value of the four hundred (400) shares of R. C. A. stock, the value of the stock to be determined as aforesaid, and the value of the stock, plus Four Thousand ($4,000.00) Dollars having been deducted from the sum of Forty-six Thousand ($46,000.00) Dollars, the party of the second part shall execute unto the party of the first part his promissory note for such sum, which note shall bear interest at the rate of six per cent (6%) per annum, interest to be payable monthly; * * *

Then follows a description of the property set apart for the husband in the division of property, which need not be set out here in detail.

In decedent's income tax return filed for the year 1931 there was claimed a loss of $10,231 on the distribution of this stock to his wife. The respondent disallowed this loss in the deficiency notice and, among other things, said in connection with the disallowance:

Investigation discloses that the losses claimed resulted from a partition of community property of the taxpayer and his wife, Mrs. Rosalie B. Walz, at the time of their legal separation in July, 1931, and represents the difference between the cost of the properties and their listed price at the time of separation. It is held that "losses" resulting from the partition of community property or resulting from a separation agreement do not constitute allowable deductions from taxable income of the parties to the partition or the agreement. The loss has accordingly been disallowed.

We think respondent must be sustained in this determination. Section 23 (e) (2) of the Revenue Act of 1928 reads as follows:

(e) *Losses by individuals.*—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

* * * * * * *

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business * * *.

Can it be said that when two or more parties are the owners in common of a mixed aggregate of assets purchased for profit and decide to partition it, a gain or loss results from such partition? We think not. If, when the property owned in common is distributed in kind to the respective parties in accordance with their partition agreement, one of the parties is allowed a deductible loss because certain of the property has declined in value from the cost of its original purchase, it would mean by the same line of reasoning that, if the property had appreciated in value from the time of its original purchase, there would be a taxable gain in the partition transaction. We know of no Board or court case which would be authority for such a proposition and we have been cited to none.

In Texas a wife owns a vested one-half interest in the community property. *Hopkins* v. *Bacon*, 282 U. S. 122. In the instant case when the one-half interest of the wife in the community property was set apart to her in the separation agreement, she was only receiving

that which was hers already. We think the situation is not affected by the fact that 400 shares of Radio Corporation of America stock were awarded to the wife in the division of property and charged to her at its then fair market value, $6,650. Other property of an equivalent value was awarded to the husband.

Gain or loss on this property thus divided would depend upon its subsequent disposal by the respective parties. Here there has been no sale or exchange of the property in question, but a division of property. Mere shrinkage in the value of some of this property does not give rise to a deductible loss. See article 174 of Regulations 74, Revenue Act of 1928.

Even if, in the division of property between husband and wife when the marriage is dissolved, the husband gets the worst end of the bargain (and there is no claim here that the husband did not get his full share of the property), the husband could not claim a deductible loss. *S. George Ullman, Executor*, 6 B. T. A. 100. In that case we said:

> The rights of the wife arose from the marriage and the settlement of those rights by the husband is a personal expense, if it may be said to be an expense. *Gould* v. *Gould*, 245 U. S. 151; *Audobon* v. *Shufeldt*, 181 U. S. 575, and *David G. Joyce*, 3 B. T. A. 393. They had a division to make and if one made this on favorable terms and the other on unfavorable terms, that one who lost is not thereby entitled to a deduction under section 214 (a) (5) of the Revenue Act of 1921.

Reviewed by the Board.

*Decision will be entered for respondent.*