C. C. ROUSE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6692.    Promulgated April 30, 1946.

*Escar R. Wren, Esq.*, and *Fred W. Allen, Jr., C. P. A.*, for the petitioner.

*Donald P. Chehock, Esq.*, for the respondent.

### OPINION.

KERN, *Judge*: The ultimate question for our decision herein is with regard to what basis petitioner is entitled to use in computing his income tax liability arising by reason of his ownership and sale of certain real property which had constituted a part of the community estate held by himself and his former wife and was acquired by petitioner in a settlement of their property rights in connection with their divorce. The question arises in connection with both gains realized from the sale of some of the property and the allowable deductions for depreciation.

Petitioner contends that he is entitled to use as his basis the cost of the property to the community. Respondent argues that until the settlement, petitioner and his wife each owned one-half of the community property, that the settlement constituted a taxable event by which petitioner acquired his wife's interest in the community and her separate property for a stipulated consideration, and that his basis, therefore, is that cost, under section 113 (a).

Article 4619 of Vernon's Annotated Statutes of the State of Texas provides that:

All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife * * *

It has been regarded as firmly settled, since the decision of *Hopkins* v. *Bacon*, 282 U. S. 122, following *Poe* v. *Seaborn*, 282 U. S. 101, and citing *Arnold* v. *Leonard*, 114 Tex. 535; 273 S. W. 799; and *Wright* v. *Hays*, 10 Tex. 130; that a husband and wife under Texas law have each a present vested one-half interest in the property of the marital community.

Texas taxpayers have frequently, strenuously, and successfully argued and relied upon this principle in their own courts (see *Arnold* v. *Leonard, supra; Wright* v. *Hays, supra*) and in this Court, *G. D. Rigsby*, 6 B. T. A. 194; *R. W. Ramming*, 6 B. T. A. 188, as well as in the Federal District and Circuit Courts and in the Supreme Court of the United States.

The agreement involved here recognized that fact, since it provided: "The community property * * * is vested in Mr. Rouse and Mrs. Rouse in equal undivided interests * * *." And, finally, petitioner concedes it in this case.

Accordingly, we may assume it to be a fact that at the time of the execution of the agreement set out in our findings petitioner owned a vested, undivided one-half interest in the community property, and Eleanor Fay Rouse owned the other vested, undivided one-half interest.

The settlement agreement provided that:

> * * * settlement of the interest of Mrs. Rouse in the community property * * * and of the indebtedness of Twenty-seven Thousand ($27,000.00) Dollars owing to her, as her separate estate, is made for the agreed sum of Sixty Thousand ($60,000.00) Dollars, payable to her in the following manner: * * *

The value of Mrs. Rouse's one-half interest in the community estate was $45,719.75, and of her separate property, $27,000, or a total of $72,719.75. The conclusion seems inescapable that, as a result of the separation agreement, petitioner acquired from her property of that value in which he had theretofore had no interest whatever. Respondent has allowed as his basis therefor the consideration of $60,000 which he paid for it plus $722.39 which petitioner expended in payment of income tax due from his wife.

Petitioner argues that he did not acquire anything from his wife, but that there was simply a partition of the community property by order of the divorce court in accordance with the Texas law. He suggests that there are other factors inherent in the settlement which may have been considered by the court in awarding to petitioner the greater share of the community property. One is the fact that petitioner agreed to furnish support for the minor children in a greater amount and for a greater length of time than the statute required and assumed substantial amounts of indebtedness against the property which he received. Even if the evidence supported the contention that

the property was divided by court order, it may be observed that the care of the children was of as much interest to petitioner as to his wife, so that petitioner's agreement to provide generously for them can not be assumed to have been a concession made for the benefit of his wife, or as a consideration for the later settlement of their community property rights, which is a wholly distinct matter from petitioner's obligation for the support of the children. The answer to the other suggestion would be that the amounts of the liens against the community property were deducted from the gross estate of the community in arriving at the value of the interests of both petitioner and his wife.

The facts disclose that the agreement was voluntarily entered into by the parties, that the agreement expressly provided that its validity should not depend on court action, and that the only reference which the divorce decree made to the property settlement was to observe that it had been made and that "this Decree does not impair, affect, nor modify said agreement." We are therefore unable to conclude that the transaction between petitioner and his then wife constituted a partition of their community property by order of the divorce court. To the contrary, it appears that the parties to the agreement chose to settle their property rights by bargain and sale rather than by partition or division.

Even had the court approved and adopted the terms of the contract, no one has suggested that voluntary transfers, sales, and exchanges of property rights and interests are relieved of tax consequences solely because they require or receive the approval of a local court. Respondent does not suggest that the contract now before us was not valid. In fact, he relies on it, and on the transfers effected pursuant to it.

It has been held that property settlements such as this are taxable events. In *Johnson* v. *United States*, 135 Fed. (2d) 125, 130 (1943), the taxpayer and his wife were residents of California and they entered into a property settlement agreement whereby the wife transferred to the taxpayer her half interest in the community's claim against his clients for legal services. He transferred to her his interest in certain real and personal property and agreed to pay certain taxes for her. The court held that the transfers were taxable events and that the taxpayer was taxable on the gain admittedly realized by him.

Such property settlements are arm's length transactions, valid in all respects. They result in the transfer of property rights or interests for a consideration, and there is no sufficient reason to distinguish them from any other transactions fundamentally similar. If there were simply a division of the community estate, as petitioner contends, the property would have been equally divided, or at least an attempt would have been made in good faith to achieve an equal division.

In that event, where, in exchange for a vested undivided one-half interest in the whole, each party receives a vested interest in the whole of one-half, obviously there would be no resulting taxable gain, and no change in the basis of any of the property by reason of the settlement. But where, as here, there results a virtual sale of one interest, whatever tax consequences flow from the amount of the consideration should be given proper effect.

Petitioner cites *Frances R. Walz*, 32 B. T. A. 718, where there was admittedly an equal division of the property. The only question considered was whether the husband was entitled to take a loss for the amount of the depreciation of certain stock allotted to his wife from its cost to the market value at which it was so allotted. We pointed out in that case that, while the stock in question was awarded to the wife by the property settlement, "other property of an equivalent value was awarded to the husband." We concluded that there was no sale or exchange of property, but merely a division.

We are of the opinion that there was no error in the respondent's determination.

Reviewed by the Court.

*Decision will be entered for the respondent.*