**ROUSE v. COMMISSIONER OF INTERNAL REVENUE.**

No. 11754.

Circuit Court of Appeals, Fifth Circuit.

Feb. 15, 1947.

Escar R. Wren, of Houston, Tex., for petitioner.

Muriel S. Paul, Sewall Key, Robert N. Anderson, and Louise Foster, Sp. Assts. to Atty. Gen., Douglas W. McGregor, Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before McCORD, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Antecedent to a divorce the taxpayer and his wife, domiciliaries in the State of Texas, made a property settlement whereby the wife, in consideration of the sum of $60,722.39, transferred to her husband her one-half interest in all of the community property as well as her separate property of the value of $27,000. In the decree of divorce, granted a few days later, the Court said: "The parties hereto have made settlement agreement with respect to property and property rights, and other matters set forth in said agreement, and this Decree does not impair, affect, nor modify said agreement."

The sum paid by taxpayer to his wife for her one-half interest in the community property was less than the original cost thereof to the community. Subsequently he sold a portion of the property, whereby a capital gain resulted. In his tax return he claimed as a basis for the ascertainment

of the capital gain on the one-half interest so acquired the original cost to the community rather than the amount paid to his wife therefor in the property settlement. The Commissioner disallowed his claim. The Tax Court upheld the Commissioner. Taxpayer, appealing here, insists that the transaction between him and his wife did not constitute a purchase and sale of her one-half interest in the community property, but that it was a division, or partition, of property antecedent to, and in connection with, divorce proceedings then pending.

The total value of the community property was $91,439.50, of which the wife's one-half interest was $45,719.75. This, added to $27,000, the value of the wife's separate property, made a total of $72,719.-75 which the wife transferred to her husband for the sum of $60,000 plus the payment by him of her income taxes in the sum of $722.39.

We agree with the Tax Court. This was not a mere division of property between the parties without tax consequences. It was not only a sale of the wife's separate property to the husband, but in the transaction she also parted with an interest in that community that in quantity and estate was equal to that of her husband but for less than one-half its value and less than she would have been entitled to had the property merely been divided, or had it been partitioned by Court decree, which was not done. The Court did not order a division of property but merely allowed the "settlement agreement" to stand. Taxpayer purchased the wife's one-half interest in the community property for $33,722.39. It is this sum that should be used as the basis for the computation of the capital gains on that one-half interest in like manner as the $27,000 should be used as the basis for computing capital gains upon any sale by the husband of the separate property. Cf. Johnson v. United States, 9 Cir., 135 F.2d 125; Commissioner of Internal Revenue v. Mesta, 3 Cir., 123 F.2d 986.

Under the facts as ascertained by the Tax Court its judgment should be, and the same is hereby, affirmed.