## Charles I. Francis, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 8207.   Promulgated April 16, 1947.

*James H. Yeatman, Esq.,* and *Marvin K. Collie, Esq.,* for the petitioner.

*Stanley B. Anderson, Esq.,* for the respondent.

OPINION.

HARLAN, *Judge*: Section 1000 of the Internal Revenue Code was amended by section 453 of the Revenue Act of 1942 (sec. 1000 (d), I. R. C.), which provided:

(d) COMMUNITY PROPERTY.—All gifts of property held as community property under the law of any State, Territory, or possession of the United States, or any foreign country shall be considered to be the gifts of the husband except that gifts of such property as may be shown to have been received as compensation for personal services actually rendered by the wife or derived originally from such compensation or from separate property of the wife shall be considered to be gifts of the wife.

The Commissioner, proceeding under section 1000 (d), has considered the gifts of the community property made to petitioner's daughter and to his grandson in 1943 as gifts of petitioner and has included the full value thereof in computing his gift tax liability. There is no question that the bonds which were the subject of the respective gifts were the community property of petitioner and his wife, and it is admitted that no part of the funds with which the bonds were acquired was derived originally from the separate property of petitioner's wife, or received as compensation for personal services actually rendered by her, or derived originally from such compensation.

The petitioner challenges the asserted deficiency on the ground that section 1000 (d) of the Internal Revenue Code violates the due process clause of the Fifth Amendment to the Constitution. He argues in substance that under the laws of the State of Texas the wife has a "vested" interest in the community property of herself and husband, and to tax him on a gift of her interest is equivalent to taxing A on B's property and amounts to confiscation of A's property; that the husband has no power to give away the community property in excess of his own one-half interest, and, therefore, there is no relation between the tax and the power to give; that in the gift tax there is no shifting of incidents of ownership to the survivor as in the estate tax, but a divesting of ownership taxable only to the owner of the property; that the gift here was a joint gift of the husband and wife, and to tax it as a gift of the husband alone is so arbitrary and capricious as to be a violation of due process of law.

The petitioner also contends that the tax is not uniform, as required by Article I, section 8, of the Constitution. Under this contention he argues that section 1000 (d) can not constitutionally tax all gifts of community property interests in whatever states such interest may be found, because in some states, notably Washington and California, the husband has no power to make any substantial gift of community

property without the wife's joinder or consent, and in many community property states the joinder of both husband and wife is required for an alienation of real estate.

Petitioner further contends that, regardless of the constitutionality of the statute, a gift tax can not be levied on the gift of the wife's one-half of the community property, since such a gift may be revoked by the wife and is incomplete until a dissolution of the community.

It is true, as petitioner argues and as the respondent admits, that under the statutes of the State of Texas and the decisions of the state courts, the interest of the spouses in the community property is regarded as equal and "vested."[1] It is also true that such equality of interest has been recognized by the Federal courts and by the Treasury Department at least since *Hopkins* v. *Bacon*, 282 U. S. 122, as giving to the wife such a proprietary vested interest in the community property as makes her an owner of one-half the community income for income tax purposes.

Community of property between husband and wife in Texas stems from the Spanish civil law and has been recognized by the laws of Texas throughout its history. It remained the law of the Republic of Texas when she won her independence from Mexico and was retained by Texas when it was admitted into the Union as a state, while the common law was adopted in most other respects.

In Texas, and wherever community property exists, we find three classes of property: The separate property of each of the spouses and the property of the community of husband and wife. For the purposes of Federal taxation the separate property of the spouses needs no special consideration. Any tax accruing thereon falls on the owner. It is the community property with which we are concerned, and it is the respective interests of the spouses in the community property and their power of control and disposition of it that forms the basis of the challenged tax.

Under the laws of Texas[2] all property acquired by either the husband or the wife during the marriage is the common property of both,

---

[1] Vernon's Civil Statutes of Texas, vol. 13, art. 4619; *Arnold* v. *Leonard*, 114 Texas 535; 273 S. W. 799; *Carter* v. *Barnes*, 16 S. W. (2d) 136; *Lusk* v. *Palmer*, 114 S. W. 677; *Burnham* v. *Hardy Oil Co.*, 108 Texas 555; 195 S. W. 1139; *Magnolia Petroleum Co.* v. *Still*, 163 S. W. (2d) 268.

[2] Art. 4619 [Vernon's Annotated Statutes]. Community Property.

Sec. 1. All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved. During coverture the common property of the husband and wife may be disposed of by the husband only; provided, however, if the husband shall have disappeared and his whereabouts shall have been and remain unknown to the wife continuously for more than twelve months, the wife shall after such twelve month period and until the husband returns to her and the affidavit hereinafter provided for is made and filed for record, have full control, management and disposition of the community property, and shall have the same powers with reference thereto as are conferred by law upon the husband, and her acts shall be as those of a feme sole.

and their interest therein is equal. *Mercury Fire Insurance Co.* v. *Dunaway*, 74 S. W. (2d) 418; *Arnold* v. *Leonard, supra.* The husband is given the exclusive management, control, and .disposition of the community property, which he may exercise without restraint, *Stone* v. *Jackson*, 210 S. W. 953, or without being joined in the conveyance by the wife, *Bell* v. *Crabb*, 244 S. W. 371, except that he can not act in fraud of the wife's rights, *Watson* v. *Harris*, 130 S. W. 237; *Davis* v. *Davis*, 186 S. W. 775; *Krueger* v. *Krueger*, 62 S. W. (2d) 684; *Atkins* v. *Dodd*, 121 S. W. (2d) 1010, and the wife must join in the conveyance of the homestead. *Boehm* v. *Bentler*, 41 S. W. 658; *Gulf Production Co.* v. *Continental Oil Co.*, 132 S. W. (2d) 185; Vernon's Annotated Texas Statutes, vol. 13, art. 4618.

The husband and wife each enjoys full power of testamentary disposition of one-half interest in community property. Cf. *Reedy* v. *Jones*, 41 S. W. 1044. If either dies intestate the respective one-half interest descends to the heirs of such spouse. *Mitchell* v. *Schofield*, 140 S. W. 254; *Springer* v. *Strahan*, 180 S. W. (2d) 654. In case of dissolution of the community by divorce, the wife has the right, in the absence of a court decree, to her one-half interest, and, if no partition is made, each continues to hold one-half thereof as tenants in common. Of course, the spouses may enter into a property settlement agreement with the approval of the court, but this does not affect the wife's rights. Cf. *C. C. Rouse*, 6 T. C. 908. Should the husband become incapacitated or abandon the wife, she may succeed to the management of the community property and may convey and encumber it without the joinder of her husband, *Houston Oil Co.* v. *Choate*, 232 S. W. 285.

The contracts of the wife during the management of the husband are not binding on the community, except where such contracts are made for necessities, and she can not assert a claim for one-half of the community property and obtain possession of it as against her husband without a dissolution of the community. In the external relations of the community the husband alone is recognized as owner of community property and, except upon the transfer of the homestead, no one can raise the question that the wife has an interest. Clearly, during marriage the wife has a right in half the community property equal to that of the husband and a right to have half of it upon the dissolution of marriage. This right arises at the time the marriage is celebrated and is a continuing and existing right at all times during the marriage, the object of the statutes being that community property shall belong *beneficially* to both, regardless of which holds the legal title, but the legal title is not in both when the conveyance was to only one. This gives rise to a peculiar equitable cotenancy between the spouses. Cf. *Edwards* v. *Brown*, 4 S. W. 380; *Patty* v. *Middleton*, 17 S. W. 909; *Woodburn* v. *Texas Twin Lot &*

*Improvement Co.,* 153 S. W. 365; *Houston Oil Co.* v. *Choate, supra; Elliott* v. *Wallace,* 59 S. W. (2d) 109; *Commonwealth Building & Loan Association* v. *Howard,* 61 S. W. (2d) 546; affd., 94 S. W. (2d) 144.

If we consider the interests of the spouses in community property as being equal and vested, then we must consider the interests of both as being legal or both as being equitable in nature. If we consider them both as being equitable, we must admit that the husband, as manager of the community, is clothed by statute with the powers of a proprietor, which gives him the rights incident to a proprietor. If we consider the interests of husband and wife as being legal and vested, then we must consider the interest of the wife as subject at all times during the marriage to being divested by the husband exercising his proprietary right of disposition. Indeed, we must go further if the property is personalty and consider the wife as clothed with the ownership of property, while all the powers and rights of ownership are given to another. She can not take it, she can not use it, she can not dispose of it, she can not encumber it, she can not even give it away. Such an interest falls short of legal ownership, as it is known in the common law, and it precludes the idea of *dominium* in the civil law.

In the Revenue Act of 1942 Congress amended the estate tax law by adding section 811 (e) (2). The purpose of the amendment was to eliminate what was believed to be an unequal distribution of the tax burden in estate taxes, as between married persons living in community property states and those living in noncommunity property states, by applying to community property the same principles it had already applied to other forms of joint ownership on the death of either of the joint owners. *Fernandez* v. *Wiener,* 326 U. S. 340; *United States* v. *Rompel,* 326 U. S. 367. Cf. *Tyler* v. *United States,* 281 U. S. 497; *United States* v. *Jacobs,* 306 U. S. 363. The committee reports of the House and Senate pointed out that husband and wife living in community property states "enjoy a preferential treatment over those living in non-community property states," in that in community property states they were permitted to divide the tax, while in noncommunity property states the tax fell principally on the husband. It was sought to remedy this situation by excluding in the community property states only that portion of the gross estate which is economically attributable to the wife. House Report No. 2333, 77th Cong., 2d sess., Ways and Means Committee, pp. 35, 37; Senate Finance Committee Report No. 1631, 77th Cong., 2d sess., p. 231. For the same reason subsection 1001 (d) was added to the gift tax statute.

The principles which sustain the present tax against the contention that it contravenes the due process clause of the Fifth Amendment

are precisely those which sustained the estate tax amendment, section 811 (e) (2), in *Fernandez* v. *Wiener, supra.* The gift tax, like the estate tax, as originally devised and constitutionally supported, was a tax upon transfers. *Bromley* v. *McCaughn,* 280 U. S. 124. In the latter case the rationale of the decision was that the gift tax was not a tax on property, but an excise tax imposed on a particular use of property or the exercise of a single power over property incidental to ownership. The Court emphasized that it was clearly distinguishable from a tax which falls upon the owner of property merely because he is owner. And, "so far as the constitutional power to tax is concerned, it would be difficult to state any intelligible distinction, founded either in reason or on practical considerations of weight, between a tax upon the exercise of the power to give property *inter vivos* and the disposition of it by legacy, upheld in *Knowlton* v. *Moore, supra,* the succession tax in *Scholey* v. *Rew, supra,* the tax upon the manufacture and sale of colored oleomargarine in *McCray* v. *United States, supra,* the tax upon sales of grain upon an exchange in *Nicol* v. *Ames, supra,* the tax upon sales of shares of stock in *Thomas* v. *United States, supra,* the tax upon the use of foreign built yachts in *Billings* v. *United States, supra,* the tax upon the use of carriages in *Hylton* v. *United States, supra;* compare *Veazie Bank* v. *Fenno, supra,* 545 of 8 Wall.; *Thomas* v. *United States, supra,* 370 of 192 U. S."

It is well settled that Congress may tax the exercise, nonexercise, or relinquishment of a power of disposition of property, where other important indicia of ownership are lacking. *Fernandez* v. *Wiener, supra.* Cf. *Saltenstall* v. *Saltenstall,* 276 U. S. 260; *Chase National Bank* v. *United States,* 278 U. S. 327. The power of Congress to lay and collect taxes is essential to the very existence of government, and the constitutionality of an exercise of this power is not to be determined solely by such shadowy and intricate distinctions of common law property concepts as "vested interests" in jointly held property. Cf. *Tyler* v. *United States, supra.* Taxation is eminently practical, *Nicol* v. *Ames,* 173 U. S. 509, and in levying taxes Congress must have the right, in fact it is its duty, to recognize the general application of the tax in the various states of the Union, and is justified, if not compelled, in framing the statute, to avoid a preferential treatment to taxpayers living in one state over those living in another. Practical necessities may best be served by grouping together various types of joint ownership for taxation rather than to afford a different treatment to each varying shade of such ownership, cf. *United States* v. *Jacobs, supra.* Community property is essentially a form of joint ownership between husband and wife during marriage.

It is only in rare and exceptional circumstances that the due process clause of the Fifth Amendment operates as a limitation upon the

taxing power of Congress, *Brushaber* v. *Union Pacific R. Co.*, 240 U. S. 1, 24; *Magnano Co.* v. *Hamilton* (1934), 292 U. S. 40, 44, and then only if the challenged statute be so arbitrary and capricious as to compel the conclusion that it does not involve an exercise of the taxing power at all, but constitutes a confiscation of property. Cf. *Nichols* v. *Coolidge*, 274 U. S. 531, 534; *Heiner* v. *Donnan*, 285 U. S. 312. "The test of validity in respect to due process of law is whether the means adopted are appropriate to the end," *Helvering* v. *City Bank Farmers Trust Co.*, 296 U. S. 85, 90. A legislative declaration that a status of the taxpayer's creation shall, in the application of the statute, render him liable for the tax, if reasonably requisite to accomplish an end within the scope of the taxing power, does not take property without due process. The end sought by the questioned statute—to stop a serious leak in the revenues and to eliminate an inequity in the operation of the gift tax—was clearly within the scope of the taxing power of Congress. It remains to consider the means employed to accomplish this end.

From what we have said it would seem clear that, since the sole power to dispose of community property in the State of Texas is imposed in the husband, the exercise of this power is the proper subject of an excise tax. *Fernandez* v. *Wiener*, *supra*. While the wife may consent to the disposition of the property, her consent is passive and is in no way necessary for it. The lack of her consent does not invalidate the transfer if there is a valuable consideration, and, it only preserves her right to question it as in fraud of her interest if there is a gift. In this respect it resembles the dower right of the wife in a common law state, except that in the State of Texas it applies only to gifts.

Petitioner's principal contention stems from the premise that the wife's interest in community property is "vested" and equal to that of her husband. From this premise he argues that to tax the husband on the value of the entire gift amounts to taxing A on the property of B. He relies upon *Hoeper* v. *Tax Commissioner of Wisconsin*, 284 U. S. 206, as supporting his contention. A perusal of the *Hoeper* case leaves no doubt that it is not controlling here. That case involved the separate property of the wife which the statute sought to tax to the husband on the theory of the economic unity of the family. Section 1000 (d) of the Internal Revenue Code, the statute here under consideration, expressly excludes from its operation both the separate property of the wife and the community property derived from personal services actually performed by her, thus recognizing the principal enunciated in the *Hoeper* case. Nor does the mere fact that the wife's interest is "vested" and equal to the interest of her husband support the petitioner's contention that Congress has measured the tax liability of A by the property of B. The tax here is not a property

tax, but an excise laid on the exercise of a property right. The exercise of that right extended to the entire property transferred and the value of that property became the proper measure of the tax. Cf. *Fernandez* v. *Wiener, supra; United States* v. *Jacobs, supra.*

We think the wisdom of both the tax and its measurement was for Congress to determine and that due process under the Fifth Amendment has not been infringed.

The petitioner further contends that section 1000 (d), which was enacted in order to secure a more equitable distribution of the burden of Federal gift taxes, violates the constitutional command that "Excises shall be uniform throughout the United States." It is well settled that the uniformity clause refers to geographical uniformity in the application of the particular excise which Congress had laid. The same question was raised as to the estate tax amendment which was considered in *Fernandez* v. *Wiener, supra.* In finding that there was no lack of uniformity in the constitutional sense, the Court said:

> The present Amendment (811 (e) (2)) is geographically uniform in its application to the only subject of which it treats, community property interests, and it levies in every state an identical tax upon the subject matter included in its terms—defined property interests created by state law, having a common historical origin, a common name, and constituting a universally recognized distinct class of property interests.

The same observation is pertinent here. Not only is the statute sustainable under the due process clause, but the fact that there may be some difference in the extent of the husband's power of control and disposition under the local law of the various community property states does not prevent a *uniform* application of the statute. In any event the relinquishment of such powers of control and disposition as. he does possess is the proper subject of an excise. Moreover, the petitioner can complain only of the violation of his own constitutional rights and not of those of another which are not in issue here. Cf. *Flint* v. *Stonetracy Co.,* 220 U. S. 107, 177; *Herald* v. *District of Columbia,* 259 U. S. 114, 123. Under Texas law the community property, during marriage, can be disposed of only by the husband.

Finally petitioner challenges section 1000 (d) of the Internal Revenue Code as invalid in that it attempts to lay a gift tax on an incompleted gift within the rule of *Burnet* v. *Guggenheim,* 288 U. S. 280. This contention stems from the authorities holding that, if the husband acts in fraud of his wife's rights, she is not without remedy in the courts. *Stamler* v. *Coe,* 15 Texas 211; *Watson* v. *Harris,* 130 S. W. 237; *Davis* v. *Davis, supra; Hopkins* v. *Bacon,* 282 U. S. 118.

The *Guggenheim* case involved a gift in 1917, with a power of revocation reserved to the donor, which power was canceled in 1925. The question there was whether the gift was completed in 1917, when the property was transferred, or in 1925, when the power of revocation

was canceled. There is no such question before us here. It may well be that, if the husband made a gift of community property and reserved the power of revocation, the gift would not be subject to tax, under the rule of the *Guggenheim* case. Here there was no reservation of a power of revocation. The gifts were complete when made and, moreover, the wife consented thereto, thus surrendering any right she might have had to contest the gift. At most, the wife in Texas has only a right under local law to contest the validity of a gift of community property made in fraud of her. This is not the retention of a right of revocation by the donor which would render the gift incomplete. The mere existence of the possibility that the wife may contest a gift in which she does not join or consent does not render the statute invalid for lack of due process, nor is it equivalent to a reserved power of revocation. If, under state law, the gift is not complete without the wife's consent, then there might be no gift upon which the statute may operate, cf. *Roy P. Harper*, 6 T. C. 230, but this would not affect the constitutionality of the statute.

We conclude that section 1000 (d) of the Internal Revenue Code infringes no constitutional provision and that the gift by petitioner of the community property in question was such an exercise of his exclusive right of control and disposition of community property in Texas as to warrant the imposition of an excise tax measured by the value of the entire property so transferred.

Reviewed by the Court.

*Decision will be entered for the respondent.*