G. H. Beavers v. Commissioner.
G. H. Beavers v. Commissioner
Docket No. 10344.
United States Tax Court
1947 Tax Ct. Memo LEXIS 232; 6 T.C.M. (CCH) 410; T.C.M. (RIA) 47103; April 24, 1947
Robert Ash, Esq., Munsey Bldg., Washington, D.C., for the petitioner. Donald P. Chehock, Esq., and James L. Backstrom, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case is one involving a deficiency in gift tax liability for the calendar year 1943, determined in the amount of $13,721.64. The parties have stipulated the value of the property comprising the gift, also the amount of exemption allowable in computing tax and have agreed to eliminate another assignment of error, thus leaving for consideration only the question as to constitutionality of section 1000 (d) of the Internal Revenue Code, added by section 453 of the Revenue Act of 1942. All facts have been stipulated and we find the facts to be as stipulated. The stipulation, omitting formal parts including *233 copy of the deed of gift, and those matters of stipulation above referred to, states as follows: [The Facts] 1. The petitioner and his wife are and, at all times herein material, were residents of Benjamin, Texas, within the Second District for the Collector of Internal Revenue of Texas. 2. The said petitioner and his wife have two children, namely George Herbert Beavers, Jr., and Doris Beavers Mulky. 3. Prior to and on April 21, 1943, petitioner and his wife, Linnie D. Beavers, owned in community certain land in Knox County, Texas. 4. On April 21, 1943, wholly without consideration, 12,138 acres of the said land in Knox County, Texas (exclusive of an undivided one-half interest in the mineral rights retained by the grantors) was transferred to the two children, George Herbert Beavers, Jr., and Doris Beavers Mulky. 5. Under the constitution and laws of the State of Texas, the said lands made the subject of the gift were community property of petitioner and his wife. No part of such property, or the funds used to procure such property, was received as compensation for personal services actually rendered by the wife or derived originally from such compensation or from *234 the separate property of the wife. 6. On March 15, 1944, the petitioner, with respect to the above mentioned gift, timely filed a gift tax return, Form 709, with the Collector of Internal Revenue for the Second District of Texas. One-half of the said gift was reported by the petitioner under Schedule "A" of his return, as follows: Description of Gift,
Value
and Donee's Name
Date
at Date
and Address
of Gift
of Gift
George Herbert Bea-
vers, Jr.,
Fort Worth, Texas
4/21/43
$12,138.00
Doris Beavers Mulky,
Oklahoma City, Okla.
4/21/43
12,138.00
Certain lands in Knox County,
Texas as described in attached
Deed, said Deed being the gift
here reported. One-half of min-
erals reserved to donors.
Interest conveyed is of a fair
average value of no more than
$4.00 per acre. Land is commun-
ity and my spouse is making a
similar return. 12,138 acres at
$4.00 per acre, value $48,552.00.
Value of my community one-half
$24,276.00.
(a) Total
$24,276.00
7. On the same date petitioner's wife also filed a similar gift tax return reporting the remaining one-half of the gift. 8. In determining the deficiency here involved the respondent valued the *235 whole of said land made the subject of the gift (exclusive of retained mineral rights) at $108,475.00, and included in petitioner's taxable gift, pursuant to the provisions of Section 453 of the Revenue Act of 1942, not one-half the value of the gift, but the said sum of $108,475.00 as representing the full value of the community property made the subject of the gift. 9. It is now hereby agreed and stipulated by the petitioner and respondent that the full value of said land (exclusive of retained mineral rights) at the time of the gift was $80,690.00. 10. Attached hereto and made a part of this stipulation by reference is a copy of the deed dated April 21, 1942, executed by the petitioner and his wife, Linnie D. Beavers, to George Herbert Beavers and Doris Beavers Mulky. The said deed transferred the land which is the subject of the gift here involved. 11. It is further agreed that the respondent correctly allowed the petitioner an exemption of $9,659.00 in the computation of his tax, and the petitioner thus withdraws this assignment of error as alleged in the petition under subparagraph (3) of paragraph IV of the petition. [Opinion] The only question presented to us is *236 whether section 1000 (d) of the Internal Revenue Code, [1] as added by section 453 of the Revenue Act of 1942, is unconstitutional, as violative of the due process clause of the Fifth Amendment to the Constitution of the United States, or the uniformity clause of Article I, Section 8 of the Constitution. We see no reason to discuss the respective arguments briefed by counsel herein. They are in substance the same as those considered by us in Charles I. Francis, 8 T.C. 822 (promulgated April 16, 1947), and the simple facts here involved are in all essential respects parallel to those there involved. We there held *237 section 1000 (d) constitutional. We so hold here, and that the respondent did not err in including the entire value of the property conveyed in the determination of gift tax against the petitioner. The parties having stipulated a lower value for the property than used by the Commissioner in determining the deficiency, Decision will be entered under Rule 50. Footnotes
1. SEC. 1000. IMPOSITION OF TAX. * * *
(d) Community Property. - All gifts of property held as community property under the law of any State, Territory, or possession of the United States, or any foreign country shall be considered to be the gifts of the husband except that gifts of such property as may be shown to have been received as compensation for personal services actually rendered by the wife or derived originally from such compensation or from separate property of the wife shall be considered to be gifts of the wife.↩