OPINION. Tietjens, Judge: The Commissioner determined that petitioner realized a long-term capital gain of $31,170.97 on the “sale of [her] share of community property” to Gordon in accordance with the property settlement agreement described in the Findings of Fact. Petitioner contends that nothing more is involved here than an equal division or partition of community property incident to a divorce which is a nontaxable transaction, citing Frances R. Walz, Administratrix, 32 B. T. A. 718, and dicta to that effect in C. C. Rouse, 6 T. C. 908, affd. (C. A. 5) 159 F. 2d 706. We think the transaction before us differs from a mere division or partition of the community property, and this is true despite the language used in the settlement agreement and the avoidance, whether calculated or not, of the usual verbiage connoting a sale. This is clear from an examination of the items comprising the community property and the result of the “division.” Summarized, the community property and the agreed valuation were as follows: Household furniture and fixtures_$1,000.00 Chrysler automobile;_ 2,676.50 Real estate_ 48,038.75 Note_ 380.00 Cash_ 73.49 Gordon Edwards, Inc., stock_ 93, 858. 75 Life insurance and annuities_ 38,274. 78 After the distribution, we find petitioner possessed of but two items of the community property — the household furniture and the automobile, with a total value of about $3,600. In this respect she testified that she did not want to take one-half of the community property because she didn’t know anything about business and didn’t want the responsibility of having the business or the property and, accordingly, that she insisted on cash instead. Petitioner’s husband acquired all the other items of the community, valued at $180,625.77. Prior to the consummation of the agreement he raised approximately $40,000 in cash by borrowing against the life insurance and annuity. This he turned over to petitioner pursuant to the settlement. In addition, he gave petitioner his promissory note in the principal sum of $48,474.63. This note, of course, did not represent any part of the community property. In addition, Gordon paid $6,000 toward Jessie’s attorney fees. In other words, after the settlement Gordon had the great bulk of the community property and petitioner had two items of small value, plus cash raised on certain of the items transferred to Gordon, and, in addition, his note for some $48,000, and a $6,000 payment on her attorney fees. This transaction did not amount to a partition of each item of community property; it was not a complete liquidation of the community property with a consequent division of the proceeds; neither was it an out and out division of the community property with the wife and husband each taking certain items in kind and of an approximately equal value. In our opinion it does not add up to the kind of equal partition or division which the Court felt it was dealing with in the Walz case, supra. In referring to that case in C. C. Rouse, supra, we said, at page 914: Petitioner cites Frances R. Walz, 32 B. T. A. 718, where there was admittedly an equal division of the property. The only question considered was whether the husband was entitled to take a loss for the amount of the depreciation of certain stock allotted to his wife from its cost to the market value at which it was so allotted. We pointed out in that case that, while the stock in question was awarded to the wife by the property settlement, “other property of an equivalent value was awarded to the husband.” We concluded that there was no sale or exchange of property, but merely a division. It has been held before that settlements of community property interests may result in taxable transactions in which a gain or loss is realized. Johnson v. United States, (C. A. 9) 135 F. 2d 125; Long v. Commissioner, (C. A. 5) 173 F. 2d 471, reversing a Memorandum Opinion of this Court; C. C. Rouse, supra. In those cases it was concluded that the settlements were tantamount to bargains and sales and constituted taxable events. The fact that the settlements were characterized as “fair and equitable” or were incident to and adopted in a divorce decree was considered to be of no consequence. We think the facts of this case bring it within the principles set out in the cited cases. The settlement agreement amounted to a virtual sale of Jessie’s interest in certain of the community assets for a consideration, over and above a mere exchange or division of community property. We are of the opinion that there was no error in the Commissioner’s determination. Decision will be entered for the respondent.