ROYCE L. SHOWALTER and CATHERINE D. SHOWALTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Showalter v. Commissioner
Docket No. 991-72
United States Tax Court
T.C. Memo 1974-40; 1974 Tax Ct. Memo LEXIS 279; 33 T.C.M. (CCH) 192; T.C.M. (RIA) 74040; February 13, 1974, Filed. Catherine D. Showalter, pro se.
Johnny B. Mostiler, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION
FAY, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for the taxable year ending December 31, 1966, in the amount of $817.67.
Presented for decision are the following issues: (1) Was the division of property pursuant to a divorce decree between petitioner Catherine Showalter (Catherine) and her former husband, a mere *280 partition of community property in which petitioner realized no taxable income, or a purchase and sale in which the husband purchased Catherine's one-half interest in certain of the community assets? 2 (2) After having sent a letter to petitioners stating that their return for 1966 had been accepted as filed, was respondent's reopening of petitioners' 1966 taxable year without written notification proper?
FINDINGS OF FACT
Some of the facts have been stipulated and found accordingly.The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.
Petitioners, Royce L. Showalter and Catherine D. Showalter, are husband and wife, who maintained their residence in Houston, Texas, at the time the petition was filed in this case. They are cash basis taxpayers who filed a joint Federal income tax return for the year 1966 with the district director of internal revenue, Austin, Texas. Any reference to "petitioner" hereinafter shall be deemed to mean Catherine.
Petitioner was formerly married to Dr. Jack Leland Walker (Dr. Walker), a physician. During their marriage, petitioner and Dr. Walker reported their income on the cash basis method of accounting. *281 On March 24, 1966, they were divorced and a decree, signed and approved by the respective attorneys representing Dr. Walker and petitioner, was issued by the court of Domestic 3 Relations in Harris County, Texas.
The decree of divorce enumerated the property of the marital community as follows:
It appearing that the parties own as community property the following: their home located at 4947 Heatherglen, Houston, Texas, subject to a mortgage; the furniture and furnishings located in the home; a 1964 Buick Electra and a 1965 Ford Mustang; Lots 5 and 6, Block 11, Glen Cove Subdivision, John G. Bost Survey, Galveston County, Texas, subject to purchase money contract; boat, motor and trailer, subject to outstanding indebtedness; shares of stock, Bellaire General Hospital Corporation; medical and surgical equipment and office furnishings located in office; physician's accounts receivable; prepaid portion of lease rentals; account at University Savings and Loan Association; and account at First State Bank of Bellaire.
The decree went on to state that petitioner would receive as her part of "a fair and equitable division of the community property", the 1965 Ford Mustang; all furniture *282 and personal property now in her possession; the land located in Galveston County, Texas; the boat, motor and trailer; and $9,000 in cash. She was to further receive, as a result of insufficient funds in the marital community, a personal note from Dr. Walker in the amount of $10,000, payable in two years. 4 As his part of the property, Dr. Walker was to receive the residence located in Harris County, Texas, including the furnishings contained therein; all elements of his medical practice, including the accounts receivable that were part of the marital community; the stock in Bellaire General Hospital Corporation; prepaid lease rentals, and the various bank accounts.
The decree of divorce did not place any values on the marital community property listed and divided therein. However, it has been stipulated and found that the face value of the accounts receivable was $10,910.40. [1]
During 1969 an internal revenue agent was assigned to conduct a field audit of petitioners' 1966 taxable year. The audit included an examination of all of petitioners' books and records *283 for that year. The result of the audit was a letter from the district director of internal revenue that petitioners' Federal income tax return for the taxable year 1966 had been accepted as filed. 5 Subsequently petitioners' 1966 taxable year was reopened without their knowledge. Upon re-examination of their Federal income tax return for that year it was determined that petitioners had not included any income on the return attributable to the division of community property contained in the decree of divorce.
On December 10, 1971, respondent issued his statutory notice of deficiency, asserting that petitioners' gross income for 1966 failed to include an amount equal to one-half the face value of the accounts receivable distributed to Dr. Walker in the divorce decree.
OPINION
The first issue we must decide is whether, as a result of the divorce decree dissolving the marriage of petitioner and Dr. Walker and the division of community property contained therein, a taxable event to petitioner has occurred.
In a community property state, such as is the case with the State of Texas, a mere partition or division of community property, incident to the dissolution of the marital *284 community, will not result in a taxable event to either spouse. Frances R. Walz, Administratrix, 32 B.T.A. 718 (1935). On the other hand, if as a result of the dissolution of the marital community one spouse receives a consideration from outside of the community assets in exchange for a transfer of vested property rights previously owned by the community, it is indicative that a transaction tantamount to a sale has occurred and gain or loss, if any, will be recognized. Jessie Lee Edwards, 22 T.C. 65 (1954).
There is no question that under Texas law a husband and wife have each a present vested one-half interest in the marital community. Hopkins v. Bacon, 282 U.S. 122 (1930). Accounts receivable acquired during the marriage of the parties are part of the marital community property. See Texas Rev. Civ. Stat. Ann., art. 4619, sec. 1. [2] (Subsequently repealed effective Jan. 1, 1970. For the law presently see Texas Family Code, sections 5.01(b) and 5.02). It is clear that petitioner here, as a result of her marriage to Dr. Walker, had a present vested one-half interest in the community's claim for services rendered by Dr. Walker, performed during *285 the time petitioner and Dr. Walker maintained their marital state. 7 It is respondent's position in regard to these claims for services rendered, that pursuant to the divorce decree Dr. Walker exchanged his separate property (the $10,000 note) for petitioner's vested interest in the accounts receivable. He argues that such transaction constitutes a sale and that petitioner therefore received ordinary income in the amount of $5,455.00. [3] Conversely, petitioner argues that a taxable event has not occurred. She maintains that incident to the dissolution of her marriage to Dr. Walker 8 a mere division of community property was transacted and further, that there is no indication in the decree that a sale was contemplated or that the $10,000 note was partially for payment of the accounts receivable.
*286 After closely reviewing all the relevant evidence in the record, we are convinced that as a result of the decree of divorce, petitioner effected what amounted to a sale of her interest in the accounts receivable to Dr. Walker in partial exchange for his personal note. She is therefore subject to the Federal income tax on the gain from the disposition of that property.
In making this determination we have initially examined the decree of divorce. The decree enumerates the community property of petitioner and Dr. Walker, including the accounts receivable and, in language calling for a "fair and equitable division of the community property", it provides the items of property that each party would receive. Although petitioner essentially argues that we look no farther than the above language in resolving the matter before us, we cannot comply. We are not bound by the literal language used in the decree of divorce describing the division of property. Jessie Lee Edwards, supra.We look to the decree in its entirety in determining whether for Federal income tax purposes 9 there was a sale or mere division of community property. See Jessie Lee Edwards, supra. *287 Pursuant to the decree petitioner received as her separate property cash, land, an automobile, boat, motor and trailer. In addition, as there were insufficient funds in the marital community, the decree provided that petitioner would receive a note from Dr. Walker in the amount of $10,000 payable in two years. The note was Dr. Walker's personal obligation and was not at any time part of the community property. A note or cash given out of the separate property of one of the spouses to the other as part of the division of property is indicative that something more than a mere division of community property has occurred. Jessie Lee Edwards, supra; see also Hornbeck v. United States, 298 F. Supp. 977 (W.D. Mo., 1969). We are convinced that such is the situation before us. We believe that the note represents payment to petitioner to enable Dr. Walker to enjoy unfettered control over certain assets of the marital community, including the accounts receivable. For Federal income tax purposes this is tantamount to a sale of these assets to Dr. Walker.
Furthermore, an examination of the various property each party to the divorce was to receive indicates that *288 10 some element of bargaining or negotiation took place before the decree was entered.[4] The decree divides the property in a manner which awards to Dr. Walker the home and elements of his medical practice, and to petitioner mostly cash and land. The decree was subsequently signed and approved by the attorneys representing Dr. Walker and petitioner respectively. Although it appears that petitioner and Dr. Walker did not directly bargain over their respective property rights, the manner in which the property was divided indicates that the attorneys representing these rights conducted negotiations among themselves. See Jessie Lee Edwards, supra.As a result, the circumstances which appear to surround the decree of divorce tend to indicate that a sale rather than a mere partition of community property was effected.
Petitioner contests the assertion *289 that any indicia of a sale are present here. Furthermore, she argues that respondent has not shown that the $10,000 note represents direct payment for the accounts receivable. Viewing the record as a whole, we disagree. We are 11 convinced, for all of the reasons stated above, that petitioner effected what amounted to a sale of her vested interest in the accounts receivable to her former husband. She is, therefore, subject to the Federal income tax for the gain realized on the disposition of that property. Moreover, the burden of proof rests with petitioner. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. She has offered no substantive evidence in her support other than the literal language of the decree of divorce. We find this insufficient for her to carry the burden, and respondent's determination of this issue must therefore prevail. [5] Welch v. supra.supra. *290 The second issue for our determination is whether respondent's actions were improper in reopening petitioner's 1966 taxable year. 12 Petitioner appears to be contending that the reopening of the year 1966 was due to an improper second examination within the meaning of section 7605(b) of the Internal Revenue Code of 1954. [6] She seems to maintain that written notice of the re-examination was not afforded her and therefore respondent's action was improper. We disagree.
The facts do not support petitioner's contention. Respondent's initial field audit of petitioner's 1966 taxable year included a complete examination of petitioners' books and records. The only document of petitioners reexamined without prior notice in determining the deficiency was their Federal income tax return for the taxable year 1966. We do not believe such action violates section 7605(b). See Geurkink v. United States, 354 F.2d 629 (C.A. 7, 1965). The mere re-examination of petitioners' tax return was not a second examination of books and records within the meaning of section 7605(b) and therefore does not require written notice by respondent. See Geurkink, supra. *291 [7] 13 Furthermore, we believe that respondent's action in reopening and issuing his statutory notice of deficiency to petitioners for the taxable year 1966 has been proper and entirely within his province. [8] We have found neither statute nor case law that would indicate under the facts before us that respondent has acted improperty. We therefore hold accordingly.
Decision will be entered for the respondent. Footnotes
1. Neither petitioner nor respondent has attempted to place values on the other items of community property.↩
2. Cf. Johnson v. United States, 135 F.2d 125↩ (1943). 3. Respondent computed the amount of additional income received by petitioner in 1966 by attributing a zero basis to the accounts receivable. We agree. Petitioner is a cash basis taxpayer and has not taken the receivables into income previously. The amount $5,455 represents petitioner's one-half vested interest in the face value of the accounts receivable. Ordinary income treatment to this gain is appropriate as accounts receivable are classified as ordinary assets rather than capital assets under section 1221(4) of the Internal Revenue Code of 1954.
Respondent has not sought to assess income tax on any disposition of property other than the purported transfer of petitioner's vested one-half interest in the accounts receivable. Accordingly, respondent's determination of a deficiency in petitioner's 1966 Federal income tax was based solely on the omission from petitioners' gross income for 1966 of the $5,455 received by petitioner pursuant to the transfer of her interest in the accounts receivable.↩
4. Such bargaining is a further indication that a sale rather than a mere division of community property has occurred. C.C. Rouse, 6 T.C. 908 (1946), affirmed 159 F.2d 706 (C.A. 5, 1947); Jessie Lee Edwards, 22 T.C. 65 (1954); Robert S. Howard, 32 T.C. 1284↩ (1959).
5. Since we hold that a sale rather than a mere division of community property has occurred, we do not have to reach the question of whether petitioner would be taxable on the receipt of payment by Dr. Walker of the accounts receivable in his control, which were part of the marital community, awarded to him pursuant to the decree of divorce.↩
6. SEC. 7605. TIME AND PLACE OF EXAMINATION.
(b) Restrictions on Examination of Taxpayer. - No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.↩
7. Cf. R. H. Crosby, Jr., T.C. Memo 1970-286↩. 8. Cf. Rev. Proc. 68-28, 1968-2 C.B. 912 (superceded by Rev. Proc. 72-40, 1972-2 C.B. 819↩).